## 55900. HITCHCOCK v. THE STATE.

DEEN, Presiding Judge.

1. The defendant, who was represented by counsel, asked permission to move for a continuance individually to "subpoena some witnesses [and] bone up on forgery." Defendant's counsel, answering a query by the court, stated he had asked his client for the names of any witnesses but had received only one, who turned out to be nonexistent. Denying the motion was no abuse of discretion. *Pulliam v. State,* 236 Ga. 460 (224 SE2d 8) (1976).

2. The prosecuting attorney by mistake picked up a check not involved in the case on trial, and then substituted the correct check which he asked the witness to identify. The court, who saw the incident, stated that he saw nothing suggestive in the action and overruled the ensuing motion for a mistrial. He observed both the action and the jury's response, and he was in the best position to judge whether any harm had been done.

3. The evidence supports a finding that the defendant, indicted for forgery, cashed a forged $135 check drawn on Morrison Cafeteria at an Atlanta bank.

The check was identified as one of a group which had been stolen from the establishment's petty cash account, was made out to "Lee A. Smith" and endorsed in the names of Smith and the defendant. No such Smith was ever identified. The defendant admitted cashing the check and said he "got it from a friend that was employed at Morrison's at that time." J. P. Cayce, whose name was signed as maker, testified that he was an employee of Morrison's and that the check was a forgery.

The court included in its jury instructions the substance of Code § 26-801 (parties to crime), Code §§ 26-1701, 26-1702 (forgery in the first and second degree) and an instruction that if the defendant "or others in conspiracy with him" did certain acts they would be authorized to find him guilty. The complaints are, as to the evidence, that the defendant's mens rea was not sufficiently proved in the face of his denial of knowledge the check was forged, and the jury instructions were not adjusted to the evidence. Criminal intention is a question of fact to be resolved from all the circumstances connected with the act. Code § 26-605; *Jones v. State,* 141 Ga. App. 17 (232 SE2d 365) (1977). In view of the defendant's testimony that a second person gave him the check and his failure to substantiate the contention with any ameliorative facts, the issue of whether a second person was involved was properly submitted to the jury. The contention that the instructions were not adjusted to the evidence is without merit.

*Judgment affirmed. Smith and Banke, JJ., concur.*

SUBMITTED JUNE 5, 1978 — DECIDED JUNE 29, 1978.

*Robert M. Coker,* for appellant.

*Lewis R. Slaton, District Attorney, Joseph J. Drolet, R. David Petersen, Assistant District Attorneys,* for appellee.