S98A1986. WOOTEN v. THE STATE.
(510 SE2d 813)

HINES, Justice.

Richard Wooten was found guilty of the malice murder of Marvin

Peoples and the aggravated assault of Charles Rushing. Wooten fatally shot Peoples and wounded Rushing in a restaurant parking lot. Wooten contends that the evidence was insufficient to support his convictions, urging that the absence of malice authorized at most a verdict of voluntary manslaughter. Finding the evidence sufficient to support the convictions, we affirm.[1]

The evidence construed in favor of the verdicts showed that on September 13, 1997, Rushing, Peoples and Dennard drove to a fast food restaurant. They parked Rushing's car one vehicle away from Wooten's car in the rear corner of the parking lot. The vehicle parked between Rushing's car and Wooten's car exited the lot, leaving a vacant space between their cars. Wooten and his companions, Wells, Wright, and Wilson were standing around Wooten's car. The members of both groups were talking and Rushing and Wells began to push one another, just "playing around." Wells fell against Wooten's car, denting it. Rushing and Wells offered to pay for the repair. Wooten was upset about the dent but accepted Rushing's offer to have it repaired.

Rushing, Peoples and Dennard decided to leave. At the time, Wooten was standing in front of his car. Dennard and Rushing entered Rushing's car and Rushing turned on the radio. Peoples walked past Wooten and around the front of Rushing's car to the passenger side; Wooten pulled a handgun from under his clothing and shot Peoples in the back of the head. Peoples attempted to run from Wooten, stumbled, and fell to the ground, and Wooten shot him again. This bullet entered Peoples' lower back, penetrating the lung, and proved to be the fatal shot. As Rushing left his car to aid Peoples, Wooten shot Rushing three times — in the back of the head, back of the shoulder, and the lower back. Wooten and his friends fled the scene.

The evidence that Wooten repeatedly shot both Peoples and Rushing as they were turned away from him supports the determination of malice and belies Wooten's testimony that he fired out of fear and in self-defense. See *Bridges v. State*, 268 Ga. 700, 707 (2) (f) (492 SE2d 877) (1997); *Sanders v. State*, 257 Ga. 239, 242 (5) (357 SE2d 66) (1987); *Tanner v. State*, 247 Ga. 438, 443 (1) (276 SE2d 627) (1981). What is more, in addition to charging on malice murder, the

---

[1] The crimes occurred on September 13, 1997. On November 17, 1997, a Dodge County grand jury indicted Wooten for malice murder and aggravated assault. A jury trial was held on February 24-25, 1998, and Wooten was found guilty of both crimes. On February 25, 1998, Wooten was sentenced to life imprisonment for malice murder and a consecutive five years incarceration for aggravated assault. A motion for new trial was filed on March 20, 1998, and denied on September 2, 1998. The notice of appeal was filed on September 2, 1998, and the appeal was docketed in this Court on September 15, 1998. The case was submitted for decision without oral argument on November 9, 1998.

court instructed the jury on voluntary manslaughter, justification and self-defense. It was for the jury to determine Wooten's credibility along with that of the other witnesses, and the jury was authorized to reject Wooten's defenses of justifiable homicide and self-defense and to find him guilty of malice murder rather than voluntary manslaughter. *Balom v. State*, 245 Ga. 367 (265 SE2d 21) (1980). The evidence of the circumstances surrounding the killing was sufficient for a rational trier of fact to find Wooten guilty beyond a reasonable doubt of malice murder and aggravated assault. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

*Judgments affirmed. All the Justices concur.*

DECIDED JANUARY 11, 1999.

*Straughan & Straughan, Mark W. Straughan,* for appellant.

*Timothy G. Vaughn, District Attorney, Russell P. Spivey, Assistant District Attorney, Thurbert E. Baker, Attorney General, Paula K. Smith, Senior Assistant Attorney General, Jayson Phillips, Assistant Attorney General,* for appellee.