## S02A0545. ROBINSON v. THE STATE.
(561 SE2d 823)

CARLEY, Justice.

A jury found Rico Robinson guilty of malice murder, possession of a firearm during the commission of a felony, and possession of a firearm by a convicted felon. The trial court sentenced him to life imprisonment for murder and to consecutive five-year terms on each count of firearm possession. A motion for new trial was denied, and he appeals pursuant to the trial court's subsequent grant of an out-of-time appeal.[1]

1. Construed so as to support the verdict, the evidence shows that the victim went into a house to see Robinson and exited shortly thereafter. According to eyewitness testimony, Robinson subsequently followed, threatened the victim, and fatally shot him seven times in the back and once in the ankle. The jury was authorized to reject Robinson's theory of self-defense and to find beyond a reasonable doubt that he was guilty of the crimes charged. *Jackson v. Virginia,* 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); *Hill v. State,*

---

(specific statutory provision controls over general provision).

[1] The crimes occurred on March 22, 2000. The grand jury returned the indictment on May 30, 2000. The jury found Robinson guilty on January 26, 2001, and the trial court entered the judgments of conviction and sentences on January 29, 2001. Robinson filed a motion for new trial on February 9, 2001, which the trial court denied on March 5, 2001. On October 5, 2001, Robinson filed a motion to allow the filing of an out-of-time motion for new trial. On October 8, 2001, the trial court denied that motion but granted an out-of-time appeal. He filed a notice of appeal on October 30, 2001. The case was docketed in this Court on December 21, 2001 and submitted for decision on February 11, 2002.

272 Ga. 805 (1) (537 SE2d 75) (2000); *Wooten v. State*, 270 Ga. 425, 426-427 (510 SE2d 813) (1999).

2. Relying on *Jones v. State*, 272 Ga. 900, 903 (3) (537 SE2d 80) (2000), Robinson contends that the State failed to establish venue in Fulton County beyond a reasonable doubt. An Atlanta police officer testified that he discovered the victim's body in a yard on the edge of Lockwood Drive and that that particular street is in Fulton County. In contrast, the prosecution in *Jones* offered no evidence of the specific location of the actual crime scene. There, the only evidence regarding venue was the testimony of a neighbor that his home was located on a particular street and that that street is in Fulton County. We held that this testimony constituted some relevant evidence of the location of the neighbor's home, but that it did not prove that the victim's home across the street was in Fulton County. "It is entirely possible that the neighbor's house is located in one county, while the houses located across the street are sited in an adjoining county." *Jones*, supra at 903-904.

Thus, *Jones* recognizes that testimony that a certain site is on a specific street and that the street is in a particular county is some proof that the site is in that county. The deficiency in that case was that the only evidence in that regard went to the location of the neighbor's residence rather than that of the victim. The logical import of the officer's testimony here, however, is that the crime scene itself was in Fulton County. Indeed, this is the only reasonable meaning of his testimony that he discovered the body on a street in that county. As Robinson has offered no evidence to the contrary, we conclude that the State met its burden of proving beyond a reasonable doubt that venue of the crimes charged is properly in Fulton County. See *Turner v. State*, 273 Ga. 340, 343 (3) (541 SE2d 641) (2001).

3. Robinson also contends that the trial court erred in prohibiting him from introducing evidence of prior difficulties between him and the victim. "[A] defendant's right to introduce evidence of prior acts by the victim against [him] is still contingent upon the defendant making out a prima facie case of justification." *Owens v. State*, 270 Ga. 199, 202 (2) (509 SE2d 905) (1998). "To make this prima facie showing, the defendant must show that the victim was the aggressor, that the victim assaulted the defendant, and that the defendant was honestly seeking to defend himself. [Cit.]" *Peterson v. State*, 274 Ga. 165, 167 (2) (549 SE2d 387) (2001). Robinson relies on his own testimony that the victim made verbal threats, and pulled his hand out of his pants as if he was going to shoot. However, Robinson admitted that he never saw a weapon and that the victim was not advancing on him. Therefore, Robinson's testimony did not establish a prima facie case of justification. *Curtis v. State*, 241 Ga. 125, 126 (1) (243

SE2d 859) (1978). See also *Graham v. State*, 274 Ga. 696, 698 (3) (558 SE2d 395) (2002); *Peterson v. State*, supra at 167-168 (2); *Walden v. State*, 267 Ga. 162, 163 (2) (a) (476 SE2d 259) (1996). Accordingly, the trial court did not err in excluding from evidence prior acts of the victim against Robinson.

4. Robinson seeks a remand for an evidentiary hearing on a claim of ineffective assistance of trial counsel. Although the trial court granted Robinson the right to file an out-of-time appeal, it explicitly prohibited him from filing a motion for new trial. However, "[t]he grant of an out-of-time appeal constitutes permission to pursue the post conviction remedy of a new trial. [Cit.]" *Chatman v. State*, 265 Ga. 177, 178 (2) (453 SE2d 694) (1995). The fact that Robinson had previously filed a motion for new trial did not prohibit him from filing another such motion after the grant of an out-of-time appeal. *Maxwell v. State*, 262 Ga. 541, 542-543 (3) (422 SE2d 543) (1992). Thus, the ruling of the trial court prevented Robinson from raising his ineffectiveness claim at what would otherwise be the earliest practicable time. See *Maxwell v. State*, supra at 543 (3). As the State itself concedes, under these circumstances, we must remand this appeal to the trial court for an evidentiary hearing on the claim of ineffective assistance of Robinson's trial attorney. *Maxwell v. State*, supra.

*Judgments affirmed and case remanded. All the Justices concur.*

DECIDED MARCH 28, 2002 —
RECONSIDERATION DENIED APRIL 29, 2002.

*Steven E. Phillips*, for appellant.

*Paul L. Howard, Jr., District Attorney, Bettieanne C. Hart, Assistant District Attorney, Thurbert E. Baker, Attorney General, Madonna M. Heinemeyer, Assistant Attorney General*, for appellee.