## S03A0213. FAIRCLOUGH v. THE STATE.
(581 SE2d 3)

CARLEY, Justice.

A jury found Chesney Devon Fairclough guilty of malice and felony murder. The felony murder verdict was vacated as a matter of law, and the trial court entered judgment of conviction only on the malice murder count and sentenced Fairclough to life imprisonment.

See *Malcolm v. State*, 263 Ga. 369, 372 (5) (434 SE2d 479) (1993). The trial court granted Fairclough an out-of-time appeal and subsequently denied a motion for new trial.[1]

1. " ' "It is the duty of this court to raise the question of its jurisdiction in all cases in which there may be any doubt as to the existence of such jurisdiction. (Cits.)" (Cit.)' [Cit.]" *Veasley v. State*, 272 Ga. 837, 838 (537 SE2d 42) (2000). Although Fairclough "did file his notice of appeal within 30 days of the denial of his motion for new trial, that motion was [initially] void because he did not file it within 30 days of the entry of the conviction and imposition of the sentence." *Porter v. State*, 271 Ga. 498 (521 SE2d 566) (1999). However, Fairclough's appellate counsel also sought, and the trial court granted, the available remedy of an out-of-time appeal. See *Porter v. State*, supra at 499-500. "[T]he grant of an out-of-time appeal permits a defendant, by the grace of the court, to start the post-conviction process anew." *Maxwell v. State*, 262 Ga. 541, 542-543 (3) (422 SE2d 543) (1992). Indeed, " 'the grant of an out-of-time appeal constitutes permission to pursue the post conviction remedy of a new trial. (Cit.)' [Cit.]" *Robinson v. State*, 275 Ga. 143, 145 (4) (561 SE2d 823) (2002). In this respect, the grant of an out-of-time appeal is the functional equivalent of the entry of a judgment. In either case, the trial court's action renders a prior, otherwise void motion for new trial, " 'one which was only *prematurely* filed and this prematurity will not serve to deprive the appellate court of jurisdiction to review the merits of the appeal.' [Cit.]" (Emphasis in original.) *McClanahan v. State*, 196 Ga. App. 737 (1) (397 SE2d 24) (1990). See also *McKeever v. State of Ga.*, 189 Ga. App. 445, 446 (375 SE2d 899) (1988). Compare *Crolley v. Johnson*, 185 Ga. App. 671, 672-673 (365 SE2d 277) (1988); *Venable v. Block*, 141 Ga. App. 523, 524 (233 SE2d 878) (1977). Accordingly, Fairclough timely appealed within 30 days of the trial court's order denying the motion for new trial. *McClanahan v. State*, supra at 737 (1).

2. Construed in support of the verdict, the evidence shows that Fairclough and three others went to his apartment, where he assaulted the victim with a gun, chased him from the apartment, and shot at him numerous times until he fell down. Fairclough then fled with his girlfriend. At trial, four eyewitnesses testified for the State,

---

[1] The crime occurred on June 27, 2000. The grand jury returned an indictment on October 23, 2000. The jury found Fairclough guilty on November 8, 2001 and, on that same day, the trial court entered the judgment of conviction and sentence. Fairclough filed a motion for new trial on December 13, 2001, and amended it on July 3, 2002. He filed a motion for out-of-time appeal on July 9, 2002, which the trial court granted on the same day. The trial court denied the motion for new trial on August 2, 2002, and Fairclough filed a notice of appeal on August 30, 2002. The case was docketed in this Court on October 17, 2002 and was orally argued on February 17, 2003.

and other evidence showed that the shell casings and bullets found at the scene matched a pistol box and live ammunition found in Fairclough's apartment. Fairclough contends that the eyewitness testimony was not sufficient to identify him as the shooter and that there were inconsistencies as to the type of bullet used to inflict the fatal wound. " 'However, resolving evidentiary conflicts and inconsistencies, and assessing witness credibility, are the province of the factfinder, not this Court. (Cit.)' [Cit.]" *Givens v. State*, 273 Ga. 818, 819 (1) (546 SE2d 509) (2001). The jury was authorized to believe the eyewitnesses and to find from the evidence that Fairclough was guilty of malice murder beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); *Williams v. State*, 275 Ga. 622 (1) (571 SE2d 385) (2002); *King v. State*, 275 Ga. 463, 464 (1) (569 SE2d 518) (2002).

3. When an investigator testified that she found a shotgun in Fairclough's apartment, the prosecutor produced the shotgun and asked the deputy to secure it. The trial court immediately asked the attorneys to approach the bench. The transcript indicates that, out of the hearing of the jury, defense counsel objected and the trial court determined that the prosecutor mistakenly believed that the weapon was relevant. She agreed not to offer the shotgun as evidence, and the trial court asked Fairclough's lawyer what relief he proposed. The attorney said only that the jury had already seen the gun, and requested no further relief from the trial court. However, Fairclough contends on appeal that he was deprived of his Sixth Amendment right to a fair trial because of prosecutorial misconduct, since the most plausible explanation is that the State wanted to poison the mind of the jury.

A successful objection to prejudicial matter not in evidence cannot be the basis for reversal unless accompanied by a contemporaneous denial of a motion for mistrial or a denied request to strike, to give curative instructions, or to rebuke counsel. See *Moody v. State*, 273 Ga. 24, 27 (3) (537 SE2d 666) (2000); *Woodham v. State*, 263 Ga. 580 (1) (a) (439 SE2d 471) (1993). Defense counsel received exactly what he requested, and he never raised in the trial court the issue of prosecutorial misconduct. *Hampton v. State*, 272 Ga. 284, 287 (5) (527 SE2d 872) (2000); *Scott v. State*, 242 Ga. App. 553, 556 (3) (530 SE2d 257) (2000); *Dukes v. State*, 224 Ga. App. 305, 308 (3) (480 SE2d 340) (1997). Compare *Carr v. State*, 267 Ga. 701, 710 (10) (482 SE2d 314) (1997). Moreover, nothing in the record indicates that the prosecutor's explanation for her actions was implausible. *Scott v. State*, supra at 556 (3). Thus, it appears that the trial court would not have abused its discretion in denying further relief, even if Fairclough had requested it. See *Roberts v. State*, 242 Ga. 634, 636 (4) (250 SE2d 482) (1978); *Albert v. State*, 180 Ga. App. 779, 785 (7) (350 SE2d 490)

(1986); *Hitchcock v. State*, 146 Ga. App. 470 (2) (246 SE2d 477) (1978).

4. Fairclough urges that his trial counsel rendered ineffective assistance because of allegedly inadequate investigation and preparation. To prevail on this claim, under the standard of *Strickland v. Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984), "he must show that his attorney's performance was deficient and that the deficiency prejudiced the defense. [Cit.]" *Doctor v. State*, 275 Ga. 612, 614 (5) (571 SE2d 347) (2002).

Fairclough complains that his trial attorney presented the theory of self-defense at trial without sufficiently investigating it. According to him, the claim of justification should have been based on a discrepancy regarding the direction from which the fatal shot came. At the hearing on the motion for new trial, defense counsel testified that the theory that the shots did not come from Fairclough's direction "kind of fell apart," and the self-defense theory that there was a fight and the victim fired first was supported by the evidence and by Fairclough's version of events. The decisions of Fairclough's trial counsel "with regard to the choice of defenses and theories to be advanced at trial, even if unwise, are deemed matters of tactic and strategy; as a matter of law, strategic decisions do not amount to ineffective assistance of counsel." *Sanders v. State*, 253 Ga. App. 380, 381 (559 SE2d 122) (2002).

Fairclough also asserts that trial counsel failed to prepare him to take the stand, to interview all witnesses personally, to call any witness for the defense, or to cross-examine the State's witnesses adequately. According to trial counsel's testimony, he reviewed all of the witnesses' statements, and his investigator interviewed some of the witnesses. See *Hamilton v. State*, 274 Ga. 582, 589 (13) (555 SE2d 701) (2001). Fairclough told his lawyer that he did not know of any other witnesses, and the decision not to call witnesses who were never identified to trial counsel is clearly reasonable. *Holmes v. State*, 272 Ga. 517, 520 (8) (529 SE2d 879) (2000). Like the determination of which witnesses to call, the extent of cross-examination is a strategic and tactical decision within the exclusive province of the attorney after consultation with the client. *Myers v. State*, 275 Ga. 709, 714 (4) (572 SE2d 606) (2002). As appellate counsel acknowledged, Fairclough's trial attorney did conduct vigorous cross-examination. Trial counsel recommended that Fairclough testify at trial and prepared him for it, but he refused to take the stand. Thus, he cannot now complain with respect to his own election not to testify. *Doctor v. State*, supra at 615 (5) (d). Furthermore, defense counsel was not deficient in failing to move for a continuance, as he indicated that he was prepared and strategically chose to go forward to capitalize on the State's possible lack of readiness for trial. See *Lowe v. State*, 267

Ga. 410, 414 (5) (b) (478 SE2d 762) (1996).

The trial court found "that trial counsel's preparation for trial was adequate, that his investigation of the case was sufficient . . . [and] that he did not err in failing . . . to request a continuance of the trial." After reviewing the record, we conclude that the trial court was not clearly erroneous in its factual findings and credibility determinations and did not err in its legal conclusion that Fairclough received effective assistance of counsel at trial. *Boyd v. State*, 275 Ga. 772, 774 (3) (573 SE2d 52) (2002); *Turner v. State*, 273 Ga. 340, 343 (2) (b) (541 SE2d 641) (2001). Moreover, Fairclough failed to show what further investigation would have revealed or to offer any additional witnesses to demonstrate that their testimony would have been relevant and favorable. *Fann v. State*, 275 Ga. 756, 757 (2) (571 SE2d 774) (2002); *Goodwin v. Cruz-Padillo*, 265 Ga. 614, 615 (458 SE2d 623) (1995).

*Judgment affirmed. All the Justices concur.*

DECIDED MAY 19, 2003.

*Hurl R. Taylor, Jr.*, for appellant.

*J. Tom Morgan, District Attorney, Rosemary Brewer, Assistant District Attorney, Thurbert E. Baker, Attorney General, Jennifer S. Gill, Assistant Attorney General*, for appellee.