S03A0989. SPARKS v. THE STATE.
(586 SE2d 645)

CARLEY, Justice.

Jason Sparks was convicted by a jury of malice murder, two

alternative counts of felony murder, aggravated assault, attempted burglary, and possession of a firearm during an attempt to commit a felony. The trial court concluded that the felony murder verdicts were vacated by operation of law, and sentenced Sparks to life imprisonment for malice murder. *Malcolm v. State*, 263 Ga. 369, 372 (4) (434 SE2d 479) (1993). It also imposed a concurrent 20-year and 10-year sentence for aggravated assault and for attempted burglary respectively, as well as a consecutive five-year sentence for the weapons offense. The trial court denied a motion for new trial, and Sparks appeals.[1]

1. Sparks, along with three others, conspired with John McLain to burglarize the home of one of McLain's acquaintances. Before commission of the crime, however, Sparks proposed to double-cross McLain. The others agreed. Upon arrival at the residence they planned to burglarize, one of the co-conspirators shot McLain. Using McLain's own gun, Sparks then fired at him several times as he ran from the car. After entering the unoccupied house, McLain called 911. When the authorities arrived, he described his assailants and the automobile that they were driving. McLain was transported to the hospital, where he died from a gunshot wound to the chest. Two of the co-conspirators made plea agreements with the State, and testified for the prosecution. Construed most strongly in support of the jury's verdicts, the evidence is sufficient to authorize a rational trier of fact to find Sparks guilty beyond a reasonable doubt of malice murder and the other crimes. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Sparks enumerates as error the trial court's failure to give, without request, an instruction on voluntary manslaughter.

Voluntary manslaughter is not a defense to murder, but it may be a lesser included offense of that crime. See *State v. Clay*, 249 Ga. 250 (1) (290 SE2d 84) (1982). Sparks defended by denying that he was guilty of any form of homicide, claiming that he was not present when McLain was killed. He does not contend that the trial court erred in its instructions as to that defense. Compare *Jackson v. State*, 237 Ga. App. 746 (516 SE2d 792) (1999) (failure to give complete charge on self-defense). Insofar as voluntary manslaughter is concerned,

---

[1] The crimes were committed on May 29, 2000, and the grand jury indicted Sparks on September 1, 2000. The jury returned the guilty verdicts on May 23, 2001, and Sparks filed a motion for new trial prematurely on June 22, 2001. See *Harrison v. Harrison*, 229 Ga. 692 (1) (194 SE2d 87) (1972). The trial court entered judgments of conviction and imposed the sentences on July 3, 2001, and denied the motion for new trial on December 23, 2002. Sparks filed a timely notice of appeal on January 17, 2003. See *Harrison v. Harrison*, supra at 692 (1). The case was docketed in this Court on March 21, 2003. The appeal was submitted for decision on May 2, 2003.

> [t]he trial judge . . . may, of his own volition and in his discretion, charge on a lesser crime of that included in the indictment or accusation. However, his failure to do so, without a written request by the [S]tate or the accused, is not error.

*State v. Stonaker*, 236 Ga. 1, 2 (222 SE2d 354) (1976). Thus, "[t]he failure of the trial court to charge the law of voluntary manslaughter, absent a written request, was not error. [Cit.]" *Graham v. State*, 250 Ga. 473, 476 (5) (298 SE2d 499) (1983).

3. Sparks contends that his trial counsel was ineffective for failing to request a charge on voluntary manslaughter. To prevail on this claim, he must show that the failure to make the request was a deficiency in his attorney's performance and that, but for the lack of the instruction, there is a reasonable probability that the jury would have found him guilty of the lesser offense. See *Strickland v. Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984); *Wadley v. State*, 258 Ga. 465, 466-467 (1)-(3) (369 SE2d 734) (1988). After conducting a hearing and applying the correct legal standard, the trial court found that Sparks did not prove that defense counsel was deficient for failing to request the charge.

> "This [C]ourt gives deference to the trial court's factual findings, unless clearly erroneous, but independently applies the legal principles to the facts to determine the merits of a claim of ineffective assistance of counsel. (Cit.) There is a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. (Cit.)" [Cit.]

*McCutchen v. State*, 276 Ga. 532-533 (579 SE2d 732) (2003). Here, the presumption of the attorney's effectiveness was reenforced by his testimony at the hearing on the motion for new trial. *Wright v. State*, 276 Ga. 419, 421 (5) (577 SE2d 782) (2003). According to the lawyer, he did not request the instruction because Sparks insisted that he was not present and did not participate in the crime. Voluntary manslaughter presupposes an intentional killing, which was completely inconsistent with Sparks' own version of the events. Compare *Van Alstine v. State*, 263 Ga. 1 (426 SE2d 360) (1993) (defendant admitted intentional shooting, but claimed self-defense). Thus, a request for a charge on voluntary manslaughter would require that counsel disregard Sparks' denial of guilt. However, counsel is entitled to base the defense on the veracity of the client's assertions. *Nicholson v. State*, 265 Ga. 711, 715 (4) (462 SE2d 144) (1995). Therefore, it was reasonable for the defense lawyer to rely on

Sparks' claim of complete innocence, and to defend by attacking the credibility of the co-conspirators whose testimony implicated him in the crimes.

The evidence presented at the hearing authorizes the conclusion that the failure of defense counsel to request a charge on voluntary manslaughter was an informed strategic choice which was consistent with the accused's assertion of his innocence. See *Van Alstine v. State*, supra at 4. Therefore, Sparks "has failed to surmount the requisite threshold consideration and, consequently, his claim of ineffective assistance of counsel is without merit." *Anderson v. State*, 262 Ga. 331, 334 (5) (418 SE2d 39) (1992).

4. Although Sparks urges another instance of the alleged ineffectiveness of trial counsel, he did not raise it below. Thus, we will not consider this additional claim on appeal. *Bagwell v. State*, 270 Ga. 175, 179 (1) (f) (508 SE2d 385) (1998).

*Judgments affirmed. All the Justices concur.*

DECIDED SEPTEMBER 15, 2003.

*James E. Millsaps*, for appellant.

*W. Kendall Wynne, Jr., District Attorney, Alan A. Cook, Assistant District Attorney, Thurbert E. Baker, Attorney General, Jill M. Zubler, Assistant Attorney General*, for appellee.