A05A1014. CLARITT v. THE STATE.
(619 SE2d 399)

ADAMS, Judge.

Cedric Claritt appeals following his conviction of two counts of armed robbery, two counts of aggravated assault and possession of a firearm during the commission of a crime.

1. Claritt contends this case should be remanded for a hearing on his amended motions for new trial. The record shows that Claritt's first appellate attorney filed a timely motion for new trial on February 13, 2003, and an amended motion for new trial on April 25, 2003, raising, inter alia, the issue of ineffectiveness of trial counsel. A hearing was held on May 9, 2003, and an order denying the motions was filed on May 19, 2003.

Appellate counsel filed a "second" motion for new trial on June 23, 2003, based upon newly discovered evidence, to wit, that the State was aware, or should have been aware, that photographs of the robber taken by the store video camera would show that Claritt was

not the robber. The trial court denied this motion on July 30, 2003, specifically noting that it was out of time and that it failed to present any grounds for relief which were not addressed in the court's earlier order denying Claritt's motion and amended motion for new trial.

On May 13, 2004, new appellate counsel filed a motion to allow an out-of-time appeal. The trial court granted the motion, finding that Claritt's previous appellate counsel had failed to advise him of his right to pursue an appeal and that Claritt was not responsible for the failure to file a timely direct appeal.

After the grant of his out-of-time appeal, Claritt's new appellate counsel filed an amended motion for new trial, alleging, inter alia, ineffective assistance of trial counsel. Claritt filed another amended motion for new trial on September 30, 2003, alleging ineffectiveness of trial counsel, and newly discovered evidence. The trial court denied the motions on October 5, 2004, and Claritt filed his notice of appeal on October 19, 2004.

Claritt now enumerates as error the trial court's denial of his motions for new trial which were filed after the grant of permission to file an out-of-time appeal without first conducting a hearing. We agree.

> The grant of an out-of-time appeal permits a defendant, by the grace of the court, to start the post-conviction process anew. *Maxwell v. State*, 262 Ga. 541, 542-543 (3) (422 SE2d 543) (1992). Indeed, the grant of an out-of-time appeal constitutes permission to pursue the post conviction remedy of a new trial. *Robinson v. State*, 275 Ga. 143, 145 (4) (561 SE2d 823) (2002). In this respect, the grant of an out-of-time appeal is the functional equivalent of the entry of a judgment.

(Punctuation omitted.) *Fairclough v. State*, 276 Ga. 602, 603 (1) (581 SE2d 3) (2003). And

> this Court has concluded that, [in the context of the grant of an out-of-time appeal,] appellant's earlier filing and the trial court's denial of a new trial motion did not preclude appellate defense counsel from filing another new trial motion timely raising the inadequacy of counsel issue before filing the notice of an out-of-time appeal. [Cit.] *Wordu v. State*, 216 Ga. App. 552, 554 (2) (455 SE2d 101) (1995).

(Punctuation omitted.) *Herndon v. State*, 232 Ga. App. 129, 133 (3) (499 SE2d 918) (1998).

But the State argues that Claritt is not entitled to a hearing on these motions, because his earlier filed motions for new trial also

challenged the effectiveness of his trial counsel and raised a similar issue concerning his identification based on the store videotape that forms the basis of his claim of newly discovered evidence. However, our review shows that the motions filed by Claritt's new appellate counsel raise additional claims of ineffectiveness not previously considered by the court, as well as alleged trial errors not previously raised or ruled upon. We thus agree that a hearing should be conducted on Claritt's motions for new trial prior to resolution of the issues raised in the present appeal, and the case is therefore remanded to the trial court for that purpose. In the event that the trial court renders an adverse ruling on his motion, Claritt shall then have 30 days to file an appeal from that ruling.

*Case remanded. Smith, P. J., and Ellington, J., concur.*

DECIDED AUGUST 5, 2005.

*Maria Murcier-Ashley*, for appellant.
*Gwendolyn Keyes Fleming, District Attorney, Barbara B. Conroy, Assistant District Attorney*, for appellee.