## A05A1263. GARCIA v. THE STATE.
### (620 SE2d 624)

ELLINGTON, Judge.

A Gwinnett County jury found Joe Mark Garcia guilty beyond a reasonable doubt of three counts of aggravated assault, OCGA § 16-5-21. Following the grant of his motion for out-of-time appeal, Garcia appeals, raising numerous grounds. For reasons explained below, however, this appeal is premature and is, accordingly, dismissed.

The record shows the following proceedings. Garcia's trial took place in June 2003. The trial court entered judgment on the jury's guilty verdicts on September 2, 2003. Garcia's trial counsel filed a timely motion for new trial ("Garcia's first motion for new trial") which, as amended, raised the general grounds and challenged the trial court's ruling on Garcia's Batson[1] motion. At a hearing on Garcia's first motion for new trial, Garcia's trial counsel expressed concern that he might have failed to preserve certain grounds for new trial or appeal. Because counsel was not permitted to argue his own ineffectiveness, the trial court suspended the hearing and appointed new counsel.

First appellate counsel did not file an amended motion for new trial. After a hearing, the trial court denied Garcia's first motion for new trial as amended. First appellate counsel failed to file a timely notice of appeal.

The trial court appointed second appellate counsel, who filed Garcia's second motion for new trial and a motion for out-of-time appeal. The trial court denied Garcia's second motion for new trial on the basis that it had already ruled on Garcia's first motion for new trial. In the same order, entered January 27, 2005, the trial court granted Garcia's motion for out-of-time appeal.

On January 31, 2005, unaware of the January 27, 2005 order, second appellate counsel filed an amended motion for out-of-time appeal, in which he requested leave to file an amended motion for new trial, and filed Garcia's third motion for new trial. On February 1, 2005, the trial court redundantly granted Garcia's amended motion for out-of-time appeal and denied his request for leave to file an amended motion for new trial. Six days later, second appellate counsel filed a notice of appeal, which led to this appeal.

"The grant of an out-of-time appeal permits a defendant, by the grace of the court, to start the post-conviction process anew." (Footnote omitted.) Maxwell v. State, 262 Ga. 541, 542-543 (3) (422 SE2d 543) (1992). Thus, "the grant of an out-of-time appeal constitutes permission to pursue the post conviction remedy of a new trial."

---

[1] Batson v. Kentucky, 476 U. S. 79 (106 SC 1712, 90 LE2d 69) (1986).

(Citation omitted.) *Robinson v. State*, 275 Ga. 143, 145 (4) (561 SE2d 823) (2002). "In this respect, the grant of an out-of-time appeal is the functional equivalent of the entry of a judgment." *Fairclough v. State*, 276 Ga. 602, 603 (1) (581 SE2d 3) (2003). Having granted an out-of-time appeal, a trial court may not prevent the defendant from filing a motion for new trial. *Robinson v. State*, 275 Ga. at 145 (4). It follows that, within 30 days of the date the trial court enters an order granting an out-of-time appeal, the defendant may file a motion for new trial, regardless of whether the trial court expressly grants leave to file such a motion. Further, the Supreme Court of Georgia has held that even a defendant who has filed and obtained a ruling on one motion for new trial may file a second motion for new trial within 30 days after the grant of an out-of-time appeal. *Maxwell v. State*, 262 Ga. at 543 (3). "This rule is limited, however, by the trial court's discretion to refuse to reopen issues that it decided in the first motion for new trial." Id.

In this case, Garcia filed a motion for new trial after the trial court granted him an out-of-time appeal. Despite the trial court's February 1, 2005 order, Garcia did not require the court's permission to file his third motion for new trial. Because the trial court has not yet ruled on Garcia's third motion for new trial, the case remains pending below and Garcia's notice of appeal was filed prematurely. See OCGA § 5-6-34. Accordingly, this appeal is hereby dismissed. OCGA § 5-6-48 (b) (2). We note that, although the trial court has the discretion to refuse to reopen issues that it decided in Garcia's first motion for new trial, it may not refuse to consider any new issues.[2] See *Claritt v. State*, 274 Ga. App. 897 (619 SE2d 399) (2005) (defendant was entitled to a hearing on claims of ineffectiveness and trial errors raised in motion for new trial after grant of out-of-time appeal, even though earlier motions raised other claims of ineffectiveness and trial errors).

*Appeal dismissed. Smith, P. J., and Adams, J., concur.*

DECIDED SEPTEMBER 7, 2005.

*Lawrence Lewis*, for appellant.

*Daniel J. Porter, District Attorney, John A. Steakley, Assistant District Attorney*, for appellee.

---

[2] The record shows that Garcia's third motion for new trial raises many issues which his first motion for new trial, being limited to the general grounds and his *Batson* motion, did not present for the trial court's decision.