## A11A0952. GOMEZ-OLIVA v. THE STATE.
(717 SE2d 689)

MILLER, Presiding Judge.

Francisco Gomez-Oliva was indicted for rape (OCGA § 16-6-1 (a) (1)) and kidnapping (OCGA § 16-5-40 (a)).[1] Following a jury trial, Gomez-Oliva was found guilty of the lesser charge of attempted rape (OCGA §§ 16-4-1, 16-6-1 (a) (1)), and he was sentenced to 25 years to serve the first 12 in confinement. Before the trial court entered the conviction, Gomez-Oliva filed a motion for new trial. Gomez-Oliva later filed an amended motion for new trial. The trial court denied Gomez-Oliva's motion, and Gomez-Oliva filed this appeal. Gomez-Oliva argues that the evidence was insufficient to sustain his conviction and that he was denied effective assistance of counsel. Because Gomez-Oliva's contentions lack merit, we affirm.

Construed in the light most favorable to the prosecution, *Jackson v. Virginia*, 443 U. S. 307, 319 (III) (B) (99 SC 2781, 61 LE2d 560) (1979), the evidence shows that the victim was married to Gomez-Oliva for 20 years.

The victim testified that Gomez-Oliva was abusive toward her throughout the course of their marriage. For a period of approximately five years, Gomez-Oliva lived in the United States while the victim lived in El Salvador with their three children. In 2004, the victim moved to the United States in order to be with Gomez-Oliva. The victim later separated from Gomez-Oliva and initiated divorce proceedings. As of the date of the attempted rape, March 14, 2007, the victim was no longer living with Gomez-Oliva, and instead resided with her boyfriend.

On the evening of March 14, 2007, the victim was traveling in a van driven by her boyfriend. While they were driving, the victim saw Gomez-Oliva driving another car. The victim testified that Gomez-Oliva proceeded to follow her and her boyfriend for approximately 30 to 35 minutes. Gomez-Oliva then pulled his car in front of the van, and yelled out to the victim and her boyfriend, telling them not to move. The victim's boyfriend stopped the van, and upon exiting, argued with Gomez-Oliva. As the victim remained seated in the front passenger seat of the van, she observed Gomez-Oliva holding an unidentified metal tool in his hand. When Gomez-Oliva approached the victim's boyfriend with the metal tool, the victim's boyfriend stepped away, and Gomez-Oliva attempted to break the windows of the van with his metal tool.

Gomez-Oliva then pulled the victim out of the van, forced her into his vehicle, and drove her to his apartment. Following their

---

[1] The kidnapping count was nol prossed for lack of jurisdiction.

arrival at his apartment, Gomez-Oliva pushed the victim into his bedroom and threw her onto his bed. Gomez-Oliva undressed both himself and the victim, lay on top of the victim, and penetrated her vagina with his penis. Gomez-Oliva had sexual intercourse with the victim against the victim's will. The victim testified that she felt fearful during the incident and told Gomez-Oliva, "Let me go. The police are coming, let me go." During the encounter, the police arrived at the apartment and ended Gomez-Oliva's attack.

On June 11, 2008, a jury found Gomez-Oliva guilty of attempted rape. On June 13, 2008, before the trial court entered the conviction, Gomez-Oliva filed a motion for new trial challenging the sufficiency of the evidence. The trial court entered the conviction on June 17, 2008. On October 8, 2010, after appointment of new counsel, Gomez-Oliva filed an amended motion for new trial, again challenging the sufficiency of the evidence and also raising claims of ineffective assistance of trial counsel. Following a hearing, the trial court denied Gomez-Oliva's motion for new trial on November 12, 2010, and Gomez-Oliva filed a notice of appeal on December 2, 2010.

1. As we begin the review of this case, we look first at the question of jurisdiction. Even without a motion to dismiss the appeal, "[i]t is the duty of this court to raise the question of its jurisdiction in all cases in which there may be any doubt as to the existence of such jurisdiction." (Citation and punctuation omitted.) *Fairclough v. State*, 276 Ga. 602, 603 (1) (581 SE2d 3) (2003). Because Gomez-Oliva's motion for new trial was filed prior to the entry of the judgment on the verdict, it was premature and invalid. See *Lipscomb v. State*, 194 Ga. App. 657, 657 (1) (391 SE2d 773) (1990); see also *Harrison v. Harrison*, 229 Ga. 692, 692 (1) (194 SE2d 87) (1972). Although Gomez-Oliva subsequently filed an amended motion for new trial, "[n]o amendment could be filed to such void motion." *Harrison*, supra, 229 Ga. at 692 (1). Moreover, if we were to consider his amendment to the motion as a motion for new trial, it was filed long after the time allowed for filing the motion.[2] Id.

"Even though the motion for new trial was premature, this prematurity will not serve to deprive the appellate court of jurisdiction to review the merits of the appeal . . . in the face of a timely notice of appeal [from the order finally disposing of the motion]." (Citations and punctuation omitted.) *Cornelius v. Lawrence*, 203 Ga. App. 113, 113 (1) (416 SE2d 115) (1992); see also *Harrison*, supra, 229 Ga. at 692 (1). Because Gomez-Oliva filed his notice of appeal

---

[2] See OCGA § 5-5-40 (a) (providing that motion for new trial shall be made within 30 days of the entry of the judgment on the verdict).

within 30 days after the trial court denied his motion,[3] Gomez-Oliva's appeal is properly before this Court and will be considered on its merits.[4] See *Fairclough*, supra, 276 Ga. at 603 (1); *Craig v. Holsey*, 264 Ga. App. 344, 345 (1) (590 SE2d 742) (2003).

2. Gomez-Oliva contends that the evidence presented at trial was insufficient to support his conviction. We disagree.

Under the *Jackson v. Virginia*, supra, 443 U. S. 307, standard, "the question on appeal is whether, based on the evidence as construed in favor of the verdict, a rational trier of fact could have found the defendant guilty of the charged crimes beyond a reasonable doubt." (Footnote omitted.) *Clark v. State*, 249 Ga. App. 97, 97 (547 SE2d 734) (2001). "The testimony of the victim alone, even without corroboration, is sufficient to sustain a rape conviction . . . ." Id. at 98. Here, the victim's testimony as to Gomez-Oliva forcing his penis into her vagina against her will sufficed to sustain the attempted rape conviction. See *Hardy v. State*, 210 Ga. App. 811, 813 (4) (437 SE2d 790) (1993) (concluding that victim's testimony alone was sufficient to sustain conviction for attempted rape).

3. Gomez-Oliva also enumerates as error that he was denied effective assistance of counsel because his trial counsel failed to object to improper testimony speculating as to Gomez-Oliva's state of mind.[5] Although Gomez-Oliva's ineffectiveness claim was raised in the context of a premature motion for new trial,[6] we are permitted to address the merits of his claim. See *Sparks v. State*, 277 Ga. 72, 73,

---

[3] "[A]n order dismissing [a premature] motion for new trial is considered a disposition of the motion pursuant to OCGA § 5-6-38 (a), and it commences the running of the 30-day period for filing an appeal." (Citations and punctuation omitted.) *Craig v. Holsey*, 264 Ga. App. 344, 345 (1) (590 SE2d 742) (2003).

[4] We note that this Court is nevertheless required to affirm enumerations of error that challenge a trial court's action in denying a prematurely filed motion for new trial. See, e.g., *Dae v. Patterson*, 295 Ga. App. 818, 819-820 (1) (673 SE2d 306) (2009) ("[W]e affirm as to all alleged errors that are premised on denial of the [premature and void] motion for new trial.") (citations and punctuation omitted); see also *Harrison*, supra, 229 Ga. at 692 (1), (2) ("Error is enumerated on the denial of the motion for new trial. Since the motion was [premature and therefore] void, there was no error in denying it."). Here, however, Gomez-Oliva does not enumerate as error the trial court's denial of his motion for new trial.

[5] We note that the trial court failed to make any specific factual findings regarding the ineffective assistance claims that Gomez-Oliva raised in his amended motion for new trial. Under these circumstances, this Court would generally remand the case for the trial court's determination of Gomez-Oliva's ineffective assistance of counsel claims. *Shelton v. State*, 307 Ga. App. 599, 601 (2), n. 5 (705 SE2d 699) (2011). However, "[r]emand is not mandated if we can determine from the record that the defendant cannot establish ineffective assistance of counsel under the two-prong test set forth in *Strickland* [*v. Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984)]." (Citation and punctuation omitted.) *Ruiz v. State*, 286 Ga. 146, 149 (2) (b) (686 SE2d 253) (2009). As further detailed in Division 3, the record in this case is sufficient for this Court to determine that Gomez-Oliva's ineffective assistance claims lack merit. Gomez-Oliva specifically raised his ineffectiveness claims in his amended motion for new trial and at the motion for new trial hearing.

n. 1, 74 (3) (586 SE2d 645) (2003) (addressing merits of ineffective assistance of counsel claims where defendant had raised such claims in premature motion for new trial); *Fairclough*, supra, 276 Ga. at 603 (1), 605 (4) (considering ineffective assistance claims raised in untimely motion for new trial where, prior to denial of that motion, the trial court's grant of out-of-time appeal had rendered untimely motion one that was merely premature).[7]

To establish ineffective assistance of counsel under *Strickland v. Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984), a criminal defendant bears the burden of showing "that counsel's performance was deficient and that the deficient performance so prejudiced defendant that there is a reasonable likelihood that, but for counsel's errors, the outcome of the trial would have been different." (Citations omitted.) *Johnson v. State*, 287 Ga. 767, 769 (2) (700 SE2d 346) (2010). However, a court addressing the ineffective assistance issue is not required "to address both components of the inquiry if the defendant makes an insufficient showing on one." *Strickland*, supra, 466 U. S. at 669 (IV). "In particular, a court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies." Id.

In support of his contention that trial counsel failed to object to improper testimony speculating as to Gomez-Oliva's state of mind while he was following the vehicle in which the victim was traveling, Gomez-Oliva points to the following colloquy between the prosecutor and the victim:

> Prosecutor: So at the time you see him following your car, what was the reason that you knew that he was supposed to be there?
> Victim: I think it was with the only purpose of taking me with him.

Gomez-Oliva argues that it was improper for the victim to speculate as to why Gomez-Oliva was following her and it was equally improper for the prosecutor to pose a question asking her to do so. Pretermitting the issue of whether Gomez-Oliva's trial counsel was deficient in his failure to object to the testimony, Gomez-Oliva has failed to show that he was prejudiced by the alleged deficiency. The testimony regarding the victim's belief as to why Gomez-Oliva

---

[7] Cf. *Clemons v. State*, 288 Ga. 445, 446-447 (3) (704 SE2d 762) (2011) (refusing to consider ineffective assistance claims raised in untimely motion for new trial because after that motion "was denied, the subsequent grant of an out-of-time appeal could no longer render the motion merely premature").

was following the van in which she was traveling was not relevant to the consideration of the charges against him, rape or attempted rape.[8] Cf. *Roundtree v. State*, 268 Ga. App. 877, 877-878 (1) (602 SE2d 890) (2004) (concluding that counsel was not ineffective for failing to impeach witness's testimony concerning her relationship with defendant, where defendant failed to show how his relationship was relevant to the consideration of the charges against him); *Usher v. State*, 258 Ga. App. 459, 462 (1) (c) (574 SE2d 580) (2002) (holding that trial counsel was not ineffective by failing to object to officer's hearsay testimony concerning the direction in which the defendant fled, where hearsay testimony was not relevant to defendant's guilt). Therefore, there is no reasonable likelihood that the testimony contributed to the guilty verdict on the lesser charge of attempted rape, and Gomez-Oliva was therefore not prejudiced by his trial counsel's failure to object to the testimony.

4. Although Gomez-Oliva urges another instance of the alleged ineffectiveness of trial counsel, he did not raise it below. Gomez-Oliva contends that trial counsel was ineffective by abandoning an attempt to introduce evidence providing an alternate explanation for the victim's injuries. Gomez-Oliva, however, did not assert this as a ground for ineffective assistance of counsel in his motion for new trial, his amended motion for new trial, or at the hearing on the matter.[9] "Thus, such allegation[ ] of ineffectiveness [is] deemed waived because a defendant is obligated to raise all allegations of ineffectiveness of counsel at the earliest practicable moment." (Citations and punctuation omitted.) *Bagwell v. State*, 270 Ga. 175, 179 (1) (f) (508 SE2d 385) (1998); see *Phillips v. State*, 284 Ga. App. 224, 231 (4) (a) (644 SE2d 153) (2007) (deeming specific claim of ineffective assistance to be waived where defendant failed to raise the specific ground in his motion for new trial or in the hearing on the matter). Therefore, we will not consider Gomez-Oliva's additional ineffectiveness claim on appeal. See *Sparks*, supra, 277 Ga. at 75 (4).

---

[8] "Under OCGA § 16-6-1 (a) (1), the crime of rape has three separate, essential elements: penetration of the female's sex organ by the defendant's penis, without the consent of the victim, and with the use of force." *Melton v. State*, 282 Ga. App. 685, 692 (2) (c) (639 SE2d 411) (2006).

"The elements of the crime of attempted rape are that the accused (1) intended to have forcible and non-consensual carnal knowledge of the victim; and (2) took a substantial step toward committing rape; but (3) failed to consummate the rape." (Citations omitted.) *Hollis v. State*, 225 Ga. App. 370, 370 (1) (484 SE2d 54) (1997); see also OCGA § 16-4-1 (criminal attempt).

[9] Rather, in his amended motion for new trial, and at the hearing on the motion, Gomez-Oliva argued only that the trial court erred in failing to allow Gomez-Oliva to elicit testimony regarding alternate explanations of the victim's injuries. As specifically stated by his counsel at the motion for new trial hearing, however, Gomez-Oliva's claim was not raised in the context of ineffective assistance of counsel.

*Judgment affirmed. Ellington, C. J., and Doyle, J., concur.*

DECIDED OCTOBER 18, 2011.

Lucas O. Harsh, for appellant.
*Daniel J. Porter, District Attorney, Richard A. Vandever, Assistant District Attorney*, for appellee.