**FIRST DIVISION
BARNES, P. J.,
GOBEIL and PIPKIN, JJ.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
https://www.gaappeals.us/rules

**January 31, 2025**

# In the Court of Appeals of Georgia

A24A1633. WHITE v. THE STATE.

PIPKIN, Judge.

Travis White challenges his convictions for Unlawful Acts of Violence in a Penal Institution, see OCGA § 16-10-56, for which he was sentenced as a recidivist pursuant to OCGA § 17-10-7 (a) to 15 years in confinement followed by five years on probation. On appeal, White alleges that he received ineffective assistance of counsel and that the trial court erred during sentencing by imposing a $500 attorney fee award. Although we see no merit on White's claim concerning counsel's effectiveness, we conclude that the trial court failed to properly analyze White's ability to pay the attorney fee reimbursement award. Consequently, we affirm White's convictions, but

we vacate the portion of his sentence imposing the $500 attorney fee award and remand this case for further proceedings consistent with this opinion.

The record from White's one-day trial shows that, on October 19, 2022, White was in the F dorm of the Pierce County Jail with Marzadius Sermon and Bernard McQueen.[1] White got into two separate arguments with McQueen and Sermon, during which White spit on both men, called them a racial slur, and moved toward them with balled fists. Thereafter, the men got into a physical altercation and White sustained some injuries. Jail Officer Henderson was notified of the incident and began an investigation. Officer Henderson discovered that the entire incident had been recorded by the jail's surveillance system; this recording was played for the jury. Upon seeing that White had been injured during the fight, Officer Henderson checked on White's physical well-being and encouraged White to be truthful about his injuries so that he could receive the appropriate medical care. At this time, White became angry, balled his fists and moved aggressively toward Officer Henderson while using vulgar language. Officer King, who was nearby, restrained White in order to prevent the situation from escalating.

---

[1] Sermon testified as a witness at trial, McQueen did not.

1. White alleges that he received ineffective assistance of trial counsel. It is well settled that, in order to establish a claim of ineffective assistance of counsel, a defendant must show that his counsel's performance was professionally deficient and that, but for such deficient performance, there is a reasonable probability that the result of the trial would have been different. *See Strickland v. Washington,* 466 U. S. 668, 687 (III) (104 SCt 2052, 80 LE2d 674) (1984). "In reviewing the trial court's decision, we accept the trial court's factual findings and credibility determinations unless clearly erroneous, but we independently apply the legal principles to the facts." (Citation and punctuation omitted.) *Wright v. State*, 291 Ga. 869, 870 (2) (734 SE2d 876) (2012).

At the hearing on his motion for new trial, White alleged numerous instances of ineffective assistance of counsel, claiming that counsel was ineffective for: (1) waiving opening statements, (2) failing to more thoroughly cross-examine or impeach the State's witnesses, (3) failing to investigate and prepare for trial, (4) presenting a "pro forma" motion for a directed verdict at the close of the State's case, (5) failing to call any defense witnesses, (6) making a cursory closing argument, (7) failing to submit written jury charges to the trial court or request the jury be charged on any

lesser included offenses, (8) failing to offer any evidence in mitigation at the sentencing hearing, and (9) failing to move for a mistrial after a juror on the panel was removed when it was discovered that she was dating a deputy who worked at the Pierce County Sheriff's Office. Trial counsel and White both testified at the hearing on the motion. After the hearing, the trial court concluded that trial counsel was deficient "by not making an opening argument, by not interviewing witnesses to the altercation, by not determining the possible grounds for impeaching the witnesses against the Defendant, by making a cursory closing argument, and by presenting no evidence in mitigation or in support of the Defendant at sentencing." However, the trial court determined that "regardless of such deficiency, there is [no] reasonable probability that the outcome of the trial would have been different," noting, in part, that the incident between the inmates was captured on video and shown to the jury. The trial court also concluded that "[a]ll other grounds for new trial not specifically addressed herein are denied without further opinion."

On appeal, White alleges that the trial court's finding of no prejudice was error. Based upon the record before us on appeal, we must disagree. As to the question of prejudice, the trial court correctly recognized that the jury viewed the video recording

of the incident that occurred between White, McQueen, and Sermon. The record shows that the video evidence corroborated Sermon's testimony and White has not shown how calling McQueen to the stand or attempting to impeach Sermon with his prior convictions would have resulted in a different outcome. Indeed, the jury was aware that Sermon was an inmate in the jail when this fight occurred and that he had charges pending against him at the time of trial. See *Lanier v. State*, 310 Ga. 520, 526-527 (3) (c) (852 SE2d 509) (2020) (explaining that, in order to make a threshold showing of prejudice, a defendant "must introduce either testimony from the uncalled witness or a legally recognized substitute for his or her testimony. He may not rely on hearsay and speculation to prove ineffective assistance.").

Further, White has presented no evidence showing that any additional witnesses were available to testify, what their testimony would have been, or how that testimony could have led to a reasonable probability of a different outcome. Indeed, White presented no evidence showing "what further investigation would have revealed or to offer any additional witnesses to demonstrate that their testimony would have been relevant and favorable." *Fairclough v. State*, 276 Ga. 602, 605 (4) (581 SE2d 3) (2003). Likewise, White has failed to show what mitigating evidence

should have been presented at his sentencing hearing and how that would have led to a different outcome at sentencing, especially when White was facing recidivist punishment. Finally, White has failed to show prejudice based on counsel's waiver of his opening statement and counsel's succinct closing argument. Indeed, White does not explain what counsel should have said in either statement or how these new arguments would have resulted in a different outcome at trial.[2] And because a defendant cannot rely on hearsay and speculation to prove *Strickland*'s prejudice prong, see *Lanier*, 310 Ga. at 526-527 (3) (c), White's claims concerning the trial court's prejudice analysis must fail.

White also raises the issue of cumulative prejudice based upon the trial court's numerous deficiency findings. "When we consider whether a defendant was prejudiced by the alleged deficiency of trial counsel, we measure the evidence that should have been – but was not – presented to the jury against the totality of the

---

[2] White also contends that the trial court erred by finding no prejudice as to his remaining claims of ineffective assistance. In its order, the trial court summarily denied White's claims regarding the "pro forma" directed verdict, counsel's failure to submit written jury charges and his failure to move for a mistrial. Based upon the record before this Court and the lackluster arguments on deficiency and prejudice on these claims in White's brief, we cannot say that the trial court erred by denying these claims of ineffective assistance.

evidence that was presented." (Citation and punctuation omitted.) *Woods v. State*, 312 Ga. 405, 411 (III) (1) (862 SE2d 526) (2021). Here, White did not present any additional or new evidence at his motion for new trial hearing. Meanwhile, the evidence against him at trial was strong, especially in light of the video evidence presented to the jury. Consequently, we see no cumulative prejudice here. See *Woods*, 312 Ga. at 412 (III) (1) (citing a collection of cases declining to find cumulative prejudice where evidence of defendant's guilt was "overwhelming" or "very strong").

2. At the sentencing hearing, the trial court imposed, among other things, a $500 attorney fee award as a part of White's punishment. White argues that this was error and moves this Court to set aside this "void" portion of his sentence. As an initial matter, we disagree with White's characterization of the attorney fee award as void, as a trial court *does* have the statutory authority to levy such fees against a criminal defendant as "repayment of all or a portion of the cost for [a public defender] providing legal representation." OCGA § 17-12-51 (a). However, in assessing such fees, a trial court *must* first determine whether or not the payment imposed would create a financial hardship on the defendant. OCGA § 17-12-51 (d). In doing so, "the

trial court must inquire and determine such facts as the amount of defendant's income, assets, expenses, and outstanding obligations so as to have some basis for finding ability to pay or reimburse." (Citation and punctuation omitted.) *Martin v. State*, 361 Ga. App. 511, 519 (3) (864 SE2d 693) (2021).

Here, the trial court generally ordered White to pay "five hundred dollars [in] attorney's fees," but there is nothing in the record showing that the trial court performed any kind of inquiry regarding White's ability to pay the fee reimbursement award. Therefore, we vacate the general condition of probation imposing a reimbursement of $500 in attorney fees and remand the case for further proceedings consistent with this opinion. See *Martin*, 361 Ga. App. at 520 (3).

*Judgment affirmed, sentence vacated in part, and case remanded for resentencing. Barnes, P. J., and Gobeil, J., concur.*