S92A0763. MAXWELL v. THE STATE.
(422 SE2d 543)

SEARS-COLLINS, Justice.

Robert Maxwell appeals from his conviction of the murder of James T. Fagan.[1]

1. Considering the evidence in a light most favorable to the verdict, we conclude that a rational trier of fact could have found Maxwell guilty of the crime charged beyond a reasonable doubt. *Jackson*

---

[1] The crime occurred on November 15, 1989, and Maxwell was indicted on February 14, 1990. A jury convicted him on July 11, 1990, and Maxwell was sentenced to life imprisonment. A motion for new trial was filed on August 10, 1990, and, on January 11, 1991, was denied nunc pro tunc September 14, 1990. A motion for out-of-time appeal was filed and granted on February 25, 1992, and a notice of appeal to this court was filed on February 26, 1992. The case was docketed in this court on March 25, 1992, and was submitted for decision without oral argument on May 8, 1992.

*v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Maxwell enumerates several alleged errors in the charge to the jury. However, when the court asked for objections to the jury charge, Maxwell did not object to any of the charges he presently seeks to assert as error nor did he reserve the right to enunciate objections to the charge at a later date. Instead, Maxwell objected only concerning a felony murder charge that he contended had been given by the court. As a result, any other alleged errors in the charge have been waived. *Rivers v. State*, 250 Ga. 303 (298 SE2d 1) (1982).

3. Following Maxwell's conviction, his trial counsel filed a motion for new trial on his behalf. However, after the trial court denied the motion, trial counsel did not pursue an appeal. Maxwell subsequently filed a pro se motion for out-of-time appeal, which the trial court granted. The court also appointed Maxwell a new attorney for appeal. On appeal, appellate counsel raises the issue of the effectiveness of trial counsel for the first time. We thus must consider whether, in the context of this out-of-time appeal, Maxwell raised his claim of ineffectiveness of counsel at the earliest practicable moment so as to preserve the issue for review. *Ponder v. State*, 260 Ga. 840 (1) (400 SE2d 922) (1991). For the following reasons, we conclude that he did not, but we also conclude that, under the circumstances of this case, we should remand the case to the trial court for a hearing on Maxwell's ineffectiveness claim. In *Ponder* we held that the grant of an out-of-time appeal

> should be seen as permission to pursue the post-conviction remedies which would be available at the same time as a direct appeal . . . [and] constitutes permission to pursue appropriate post-conviction remedies, including a motion for new trial. [Id. at 841.]

We concluded that Ponder could have filed a motion for new trial following the grant of his out-of-time appeal, and we announced a rule that a claim of ineffective assistance of trial counsel may not be asserted in an out-of-time appeal unless the defendant's new appellate counsel files a motion for new trial after the grant of the out-of-time appeal and raises the ineffectiveness claim. Id. at 840-841. *Ponder*, however, is different from Maxwell's case in one respect, which is that Ponder did not file a motion for new trial following his conviction, whereas Maxwell did. The question, then, is whether the fact that Maxwell had filed one motion for new trial prohibited him from filing another motion for new trial after the grant of his out-of-time appeal. We conclude that it did not, on the ground that the rationale of *Ponder* is that the grant of an out-of-time appeal permits a defendant, by the grace of the court, to start the post-conviction process

anew.[2] We thus rule that a defendant who has had one motion for new trial may file a second motion for new trial within 30 days after the grant of an out-of-time appeal. This rule is limited, however, by the trial court's discretion to refuse to reopen issues that it decided in the first motion for new trial. See *Bradley v. Tattnall Bank*, 170 Ga. App. 821, 822-824 (1) (318 SE2d 657) (1984).

Under the foregoing reasoning, the failure of Maxwell's appellate counsel to file a motion for new trial raising the claim of ineffectiveness of trial counsel would bar review of that claim. However, because the rule we announce today is an extension of current law, it would be unfair to deny Maxwell an opportunity to raise his ineffectiveness claim. *Ponder*, supra, 260 Ga. at 842 (2). We therefore remand this appeal to the trial court for it to hear Maxwell's claim of ineffectiveness of trial counsel.

*Judgment affirmed and case remanded. Clarke, C. J., Bell, P. J., Hunt and Benham, JJ., concur; Fletcher, J., concurs specially as to Division 3.*

FLETCHER, Justice, concurring specially as to Division 3.

While I concur with the result of Division 3 of the majority opinion: remand of the case to the trial court for a hearing on Maxwell's claim of ineffective assistance of trial counsel, I write separately to express my disagreement with the majority's creation of a procedure giving rise to a second motion for new trial. I also write to express my concern with a line of cases that this court strayed into during the late 1980's and that has led to the creation of a confusing tangle of procedural rules regarding when to assert a claim of ineffective assistance of trial counsel.

In 1987, this court decided *Thompson v. State*, 257 Ga. 386 (359 SE2d 664) (1987) and for the first time announced that a claim for ineffective assistance of trial counsel "will be deemed waived" if appellate counsel files an amended motion for new trial and does not raise the issue there. Since *Thompson*, we have spoken too often in terms of an act or failure to act by an appellant's appellate counsel[3] resulting in waiver of an appellant's right to assert a claim of ineffective assistance of trial counsel. Today, the rule set forth in Division 3 of the majority opinion concerning a second motion for new trial adds to that incredible tangle of special rules of procedure that apply when such a claim is asserted.

It seems that this court has lost sight of the fact that the right to

---

[2] This rule was intimated in *Bell v. State*, 259 Ga. 272 (381 SE2d 514) (1989).

[3] By referring to "appellate counsel," I mean counsel other than trial counsel. If trial counsel is still representing the defendant at the appellate level, a completely different situation is presented.

the effective assistance of counsel, which is guaranteed by the Sixth Amendment to the United States Constitution, is a personal right belonging to a defendant faced with a criminal prosecution. That right may only be waived by the defendant and, even then, to be effective, the waiver must be an intelligent one: it must be "an intentional relinquishment or abandonment of a known right or privilege." *Johnson v. Zerbst*, 304 U. S. 458, 464 (58 SC 1019, 82 LE 1461) (1938).

Action or inaction by a defendant's counsel cannot result in waiver of the right to the effective assistance of counsel or of the right to assert that issue on appeal; it can result only in a procedural default concerning that issue. A procedural default will not bar later review of a claim where a defendant is able to demonstrate cause for and actual prejudice resulting from the default.

Where trial counsel has failed to represent the defendant effectively at trial, and appellate counsel fails to raise the issue, the cause-and-prejudice requirement is readily satisfied: the defendant is "actually prejudiced" by appellate counsel's failure to raise the issue of trial counsel's effectiveness, while the appellate counsel's failure to raise a meritorious effectiveness claim is deficient attorney performance on appellate counsel's part sufficient to satisfy the "cause" requirement. In other words, our finding of "waiver" based on appellate counsel's omission to raise the issue of trial counsel's effectiveness will only delay, not bar, the resolution of this issue.

The process this court began in 1987 with *Thompson*, 257 Ga. 386, of continuously pushing forward the time when the issue of trial counsel's effectiveness must first be raised in order to avoid a "waiver" does not achieve true waivers. Instead, it merely invites alert appellate counsel to assert claims of ineffective assistance of trial counsel, regardless of whether there is any merit to such claims, in order to protect themselves from claims that they too were ineffective.

In this case, 17 months after the trial court denied the motion for new trial which had been filed by trial counsel, the trial court granted Maxwell's pro se motion for an out-of-time appeal and then appointed different counsel to represent Maxwell on appeal. Appellate counsel raised the issue of the effectiveness of trial counsel's representation of appellant on direct appeal to this court. Because that was the earliest practicable moment such issue could have been raised, I too would remand the case to the trial court for an evidentiary hearing on the issue.

DECIDED NOVEMBER 17, 1992.

*C. Jackson Burch,* for appellant.

*Spencer Lawton, Jr., District Attorney, George R. Asinc, Assistant District Attorney, Michael J. Bowers, Attorney General, Susan*

*V. Boleyn, Senior Assistant Attorney General, C. A. Benjamin Woolf, Staff Attorney,* for appellee.