DECIDED JANUARY 10, 2005.

*James A. Satcher, Jr.*, for appellant.
*Frank H. Jones*, for appellee.

## S04G1070. ANDREWS v. THE STATE.
(607 SE2d 543)

SEARS, Presiding Justice.

The appellant, William Andrews, filed a habeas corpus petition, contending that he was entitled to an out-of-time appeal and that he had received ineffective assistance of trial counsel. After a hearing at which Andrews's trial counsel testified regarding the foregoing issues, the habeas court granted Andrews an out-of-time appeal on the ground that his trial counsel was not notified of the trial court's order denying his motion for new trial. The habeas court, however, did not address Andrews's ineffectiveness claim. Without filing a second motion for new trial, Andrews filed a notice of appeal in the trial court in which he was convicted and appealed to the Court of Appeals. On appeal, he contended, among other things, that he had received ineffective assistance of trial counsel. The Court of Appeals held that the claim was procedurally barred because Andrews did not assert the claim in a second motion for new trial.[1] We granted certiorari to consider whether a second motion for new trial was required in view of the fact the habeas court held a hearing on Andrews's ineffectiveness claim. We conclude that a second motion for new trial was required, and thus affirm the Court of Appeals's judgment.

Andrews contends, among other things, that he fully litigated his ineffectiveness claim in the habeas court and that, for this reason, the Court of Appeals erred in ruling that he should have filed a motion for new trial in the trial court and again raised the issue of ineffective assistance of trial counsel.[2] We disagree, concluding that, under the rationale of *Ponder v. State*[3] and *Maxwell v. State*,[4] we must resolve

---

[1] The Court of Appeals affirmed Andrews's appeal in an opinion that was not officially reported. See Rules 33 and 34 of the Court of Appeals of Georgia. *Andrews v. State*, 265 Ga. App. XXVI.

[2] Although Andrews claims that he fully litigated his ineffectiveness claim in the habeas court, this assertion is belied by the fact that Andrews failed to obtain a ruling on the claim from the habeas court. We pretermit, however, whether Andrews's failure to obtain a ruling on his ineffectiveness claim is a procedural bar to raising it on appeal. See, however, *Butts v. State*, 273 Ga. 760, 771 (31) (546 SE2d 472) (2001) (If a party fails to obtain a ruling on an issue, the issue is "waived for purposes of appeal.").

[3] 260 Ga. 840 (400 SE2d 922) (1991).

[4] 262 Ga. 541 (422 SE2d 543) (1992).

this issue adversely to Andrews.

In *Ponder*, Ponder sought an out-of-time appeal in a habeas corpus action. The habeas court determined that Ponder was entitled to an out-of-time appeal, and directed Ponder to pursue his post-conviction remedies within 30 days. Ponder was appointed counsel to represent him on appeal, and Ponder filed a notice of appeal. Ponder, however, did not file a motion for new trial, and on appeal, he contended that he had received ineffective assistance of trial counsel. We held that, to preserve the ineffectiveness claim for appeal, a habeas petitioner who is granted an out-of-time appeal must file a motion for new trial following the grant of the out-of-time appeal. We reasoned that this holding would have the benefit of placing habeas petitioners on equal footing with a defendant who is granted an out-of-time appeal from a trial court and of having the judge who tried the case resolve the issue of trial counsel's effectiveness.[5]

We continue to conclude that *Ponder* offers sound reasons to require a habeas petitioner who obtains an out-of-time appeal to litigate his ineffectiveness claim in the trial court. First, a habeas petitioner who raises an ineffectiveness claim after the grant of an out-of-time appeal should be placed "in the same posture with the same rights as a defendant who is successful in seeking an out-of-time appeal from the trial court."[6] In this regard, as we noted in *Ponder*, a habeas petitioner does not have a right to counsel to assist with his ineffectiveness claim and thus is at a significant disadvantage to a defendant who is granted an out-of-time appeal from the trial court and thus has the right to the benefit of counsel.[7] Another disadvantage for the habeas petitioner who litigates his ineffectiveness claim in the habeas court concerns non-constitutional errors that the petitioner may desire to raise. Because a habeas court does not have jurisdiction to address non-constitutional issues,[8] a habeas petitioner may not raise such issues before proceeding to an appellate court with his direct appeal. On the other hand, a defendant who litigates his ineffectiveness claim in the trial court is entitled to have the trial court exercise its discretion concerning whether any non-constitutional errors merit a new trial.

In addition, the rule established by *Ponder* has the salutary effect of having the ineffectiveness claim decided by the trial court

---

[5] *Ponder*, 260 Ga. at 842.

[6] Id.

[7] Id.

[8] OCGA § 9-14-42 (a) provides that "[a]ny person imprisoned by virtue of a sentence imposed by a state court of record who asserts that in the proceedings which resulted in his conviction there was a substantial denial of his rights under the Constitution of the United States or of this state may institute a proceeding under this article."

that presided over the trial.[9]

Furthermore, the rule urged by Andrews, which would permit the habeas court to grant an out-of-time appeal and then to rule on an ineffectiveness claim, could lead to practical difficulties. For example, a defendant will have to file a notice of appeal in and obtain records from two courts — the trial court that conducted his trial and the habeas court that ruled on his ineffectiveness claim. In this regard, in this case, Andrews did not obtain his habeas transcript to support his ineffectiveness claim until several months after the appeal from the trial court was docketed in the Court of Appeals, and even then, Andrews did not ever make the pleadings from the habeas court a part of the appellate record. Moreover, if the appeal from one court is docketed before the appeal from the second court, the parties and the courts will have to coordinate the filings and dispositions of two appeals.

In summary, for the foregoing reasons, *Ponder* correctly decided that a habeas petitioner who obtains an out-of-time appeal is required to litigate his ineffectiveness claim in the trial court.

Moreover, in the present case, Andrews was not barred from raising his ineffectiveness claim in the trial court by virtue of the fact that the trial court previously had denied his first motion for new trial. In *Maxwell*, Maxwell filed a motion for new trial after his conviction, which the trial court denied. Maxwell failed to file an appeal after the denial of his motion, and he subsequently sought and was granted an out-of-time appeal by the trial court. Maxwell did not file a second motion for new trial, but contended on appeal that he had received ineffective assistance of trial counsel. This Court held that Maxwell was entitled to file a second motion for new trial, and that he should have done so in order to litigate his ineffectiveness claim.[10] Similarly, in this case, Andrews was entitled to file a second motion for new trial after obtaining an out-of-time appeal.

For the foregoing reasons, in the present case, Andrews was required to raise his ineffective assistance of counsel claim in a motion for new trial filed after he obtained his out-of-time appeal. Because of his failure to do so, the Court of Appeals correctly ruled that he was procedurally barred from raising the issue on appeal.

*Judgment affirmed. All the Justices concur.*

DECIDED JANUARY 10, 2005.

*Gammon & Anderson, W. Wright Gammon, Jr.*, for appellant.

---

[9] Id.

[10] *Maxwell*, 262 Ga. at 542-543.

*Herbert E. Franklin, Jr., District Attorney, Leonard C. Gregor, Jr., Assistant District Attorney*, for appellee.