In the Supreme Court of Georgia

Decided: September 14, 2015

S15A0768. DEBTER, CAVEATOR v. STEPHENS, EXECUTOR.

MELTON, Justice.

William Neville Stephens ("Mr. Stephens") had two children who were born out of wedlock, Frank Debter and Vickie Estes. Mr. Stephens died on April 27, 2011, after having executed his last will and testament on January 26, 2006. In his will, Mr. Stephens made several specific bequests of money, and he left the residue of his estate to Estes. He did not make Debter a beneficiary under the will. Debter filed a caveat to executor Roy Milton Stephens' petition to probate Mr. Stephens' will in solemn form, challenging the validity of the will. Debter claimed that the will was a product of undue influence and that Mr. Stephens intended for Debter to share in his estate as if he were a formally legitimated child. The probate court rejected Debter's caveat, and Debter appealed to the superior court. Once there, the executor filed a motion for summary judgment which the superior court summarily granted on August 21, 2014. Instead of

filing a timely notice of appeal from this ruling, on September 15, 2014, Debter

filed a motion for new trial, asserting that he had discovered new material

evidence which undermined the superior court's summary judgment decision.

The trial court denied Debter's motion for new trial on November 6, 2014,

prompting the current appeal. For the reasons that follow, the appeal must be

dismissed.

> Where a motion for new trial is not a proper vehicle for review of
> a trial court's action, the motion has no validity and will not extend
> the time for filing the notice of appeal. See Sands [v. Lamar
> Properties, Inc., 159 Ga. App. 718 (285 SE2d 24) (1981)] (appeal
> dismissed where trial court ruled on a declaratory judgment as a
> matter of law); and, Shine v. Sportservice Corp., 140 Ga. App. 355
> (231 SE2d 130) (1976) (appeal dismissed where appellant sought
> review of the grant of a summary judgment with a motion for new
> trial).

Pillow v. Seymour, 255 Ga. 683, 684 (341 SE2d 447) (1986). In this regard,

"[a] motion for new trial is not the proper vehicle to obtain a re-examination of

the grant of summary judgment and a motion so filed has no validity and will

not extend the filing date of a notice of appeal." Shine, supra. Because Debter

did not file his notice of appeal within thirty days of the trial court's summary

judgment ruling as required by OCGA § 5-6-38 (a), and because his motion for

new trial was not a proper vehicle for review of the trial court's action, his

notice of appeal was untimely filed and this appeal must be dismissed. See Pillow, supra; Shine, supra.

Even if, under the unique circumstance of newly discovered evidence being involved in a case, a motion for new trial were the proper vehicle for extending the time to appeal from a summary judgment ruling, the time period for filing an appeal in the instant case still would not have been extended. Indeed, Debter did not present evidence that would qualify as "newly discovered evidence" to challenge the grant of summary judgment to the executor. He merely presented evidence that he should have, but failed to, produce earlier in the case in the form of affidavits from a number of people averring, among other things, that the deceased openly acknowledged Debter as his son, that he intended to include Debter in the will, and that in the end the deceased seemed confused and addled. See, e.g., State v. Abernathy, 295 Ga. 816, 818 (1) (764 SE2d 387) (2014) (new trial may be granted based on newly discovered evidence only where, among other things, "it was not owing to the want of due diligence that [the party putting forth the new evidence] did not acquire [the evidence] sooner") (citation and punctuation omitted). For this reason, we need not address in this case any issue as to whether a motion for new trial based on

newly discovered evidence could toll the time period for filing a notice of appeal following a summary judgment ruling, and the current appeal must still be dismissed.

Appeal dismissed. All the Justices concur.