306 Ga. 614
FINAL COPY

S19A0954.  ROBINSON v. THE STATE.

WARREN, Justice.

Eddie Robinson was convicted of malice murder and other

crimes in connection with the shooting death of Kenyon Beaty.[1]  On

appeal, Robinson seeks a remand to the trial court for an evidentiary

---

[1] The crimes occurred on August 10, 2005.  On December 15, 2006, a Fulton County grand jury indicted Robinson for the malice murder of Beaty (Count 1); felony murder predicated on the aggravated assault of Beaty (Count 2); aggravated assault with a deadly weapon of Beaty (Count 3); aggravated assault with a deadly weapon of Vic Burns (Count 4); aggravated assault with a deadly weapon of Quinton Dooley (Count 5); aggravated assault with a deadly weapon of Erica Newell (Count 6); aggravated assault with a deadly weapon of Corey Lewis (Count 7); possession of a firearm during the commission of a felony (Count 8); and possession of a firearm by a convicted felon (Count 9).  At a trial held from March 22-24, 2010, a jury returned guilty verdicts against Robinson on all counts.  The trial court sentenced Robinson to life for malice murder (Count 1), twenty years consecutive for four counts of aggravated assault (Counts 4-7), five years consecutive for possession of a firearm during the commission of a felony (Count 8), and five years consecutive for possession of a firearm by a convicted felon (Count 9).  Count 2 was vacated by operation of law, and Count 3 was merged with the malice murder conviction.  Robinson filed a timely motion for new trial on April 9, 2010, and amended the motion twice through new counsel.  The trial court denied the motion as amended on April 8, 2016.  Robinson filed a motion for out-of-time appeal through different counsel on April 17, 2018, which the trial court granted on August 2, 2018.  Robinson filed a notice of appeal on August 17, 2018, and the case was docketed in this Court for the April 2019 term and submitted for a decision on the briefs.

hearing on his claims that trial counsel and motion-for-new-trial counsel were constitutionally ineffective. For the reasons that follow, we affirm Robinson's convictions and hold that a remand is not warranted.

1. Viewed in the light most favorable to the verdicts, the evidence presented at trial showed the following. On August 10, 2005, Kenyon Beaty, Erica Newell, Vic Burns, Corey Lewis, and Quinton Dooley were talking outside an apartment belonging to Beaty and Newell's mother when Robinson drove up in a gray car, leaned across the passenger-side seat, yelled something to the effect of "why did you send these guys up here," and fired two or three shots into the crowd with a silver revolver. Beaty was struck in the chest by a bullet, causing his death. Burns received a superficial bullet wound, also to his chest. Robinson fled the scene.

Before the shooting, Dooley had introduced Robinson—whom Dooley knew as "Big Red"—to some friends, and those friends robbed Robinson. Dooley testified that, at the time of the shooting, he "knew what Robinson was talking about" immediately before

Robinson fired the shots from the car because Robinson had "called [his] phone, and [Robinson] was like, tell them that they need to straighten their face up" and "have my folks bring [Robinson's] money." Dooley further testified that "I kind of figured, like, it was going to be some kind of retaliation." A detective testified that, in Robinson's recorded statement to police, Robinson indicated that "he suspected Quinton Dooley may [have] had something to do with" the robbery and also believed Dooley knew where Robinson's money was hidden.[2]

Dooley and Newell positively identified Robinson as the shooter in a photographic lineup before trial and again at trial. And although Burns and Lewis could not positively identify the shooter in a photographic lineup, Burns told police that Robinson's photograph looked similar to the shooter, and Burns and Lewis both

---

[2] At trial, the detective "paraphras[ed]" this portion of Robinson's statement. Robinson's recorded interview with police was not played at trial because it contained several statements that the State and defense counsel agreed were inadmissible. However, the same interview had been transcribed, and portions of Robinson's statements from it were read to the jury.

3

described to police characteristics of the shooter that matched those of Robinson.

In addition, Dooley provided Robinson's cell phone number to police, who used it to locate several residential addresses listed for the number. Newell, Burns, Lewis, and Dooley told police that the shooter's vehicle was a gray car, and surveillance of one of the addresses obtained from Robinson's cell phone records revealed a gray car parked in the driveway. Cell phone records also showed that Robinson was in the vicinity of the shooting around the time it occurred. During their surveillance of Robinson, officers attempted to execute a traffic stop to question him about the murder, but Robinson fled, leading officers on a chase that ultimately ended in a multi-vehicle accident involving Robinson and other drivers.

Robinson does not challenge the sufficiency of the evidence. Nevertheless, consistent with this Court's practice in murder cases, we have reviewed the record and conclude that, when viewed in the light most favorable to the verdicts, the evidence presented at trial was sufficient to authorize a rational jury to find beyond a

4

reasonable doubt that Robinson was guilty of the crimes of which he was convicted. See *Jackson v. Virginia*, 443 U.S. 307, 318-319 (99 SCt 2781, 61 LE2d 560) (1979).

2.  In his sole enumeration of error, Robinson asserts that he was denied constitutionally effective assistance of trial counsel and motion-for-new-trial counsel. Robinson argues that this appeal is the first practicable moment to raise these claims, and he therefore requests a remand to the trial court for an evidentiary hearing.

Robinson's claims stem from the following: after Robinson's convictions, his trial counsel filed a motion for new trial on April 9, 2010. On August 9, 2011, a different attorney ("motion-for-new-trial counsel") appeared as counsel for Robinson and amended the motion for new trial twice. The trial court ultimately denied the motion for new trial as amended on April 8, 2016, and motion-for-new-trial counsel did not file a notice of appeal. More than two years later, through a third attorney, Robinson filed a motion for an out-of-time appeal on April 17, 2018, alleging that motion-for-new-trial counsel was ineffective due to, "but . . . not limited to[,] the . . . failure to file

5

a notice of appeal from the denial of the motion for new trial" and "failure to inform [Robinson] that a notice of appeal could and should be filed." That third attorney is still Robinson's counsel for this appeal.

The trial court granted the motion for out-of-time appeal on August 2, 2018. Robinson, through current counsel, then filed a notice of appeal on August 17, 2018.

(a) Robinson asserts that his initial trial counsel rendered ineffective assistance in four ways.[3] However, it is well established that "[i]n order to avoid a waiver of a claim of ineffective assistance against trial counsel, the claim must be raised at the earliest practicable moment, and that moment is before appeal if the opportunity to do so is available." *Williams v. Moody*, 287 Ga. 665, 666 (697 SE2d 199) (2010) (citation and punctuation omitted); see also *Garland v. State*, 283 Ga. 201, 202 (657 SE2d 842) (2008) ("By

---

[3] Robinson asserts that trial counsel was ineffective by failing to properly explain potential plea offers and to engage in the negotiation process; failing to investigate the case properly; failing to call certain witnesses that would have changed the outcome of the case; and failing to object to the State's use of a first-offender disposition as a "conviction."

6

'earliest practicable moment,' we mean that the ineffectiveness claim must be raised *before appeal* if the opportunity to do so is available.") (citation and punctuation omitted; emphasis in original). "The pre-appeal opportunity is 'available' when the convicted defendant is no longer represented by the attorney who represented him at trial." *Williams*, 287 Ga. at 666. Therefore, because Robinson was represented at the motion for new trial by different counsel than at trial, he had the opportunity to raise the ineffective assistance of trial counsel claims at that point, and by failing to do so he has waived those claims. *Smart v. State*, 299 Ga. 414, 423 (788 SE2d 442) (2016).

(b) Robinson also asserts that motion-for-new-trial counsel was constitutionally ineffective by failing to raise trial counsel's ineffectiveness, by failing to file a notice of appeal, and by failing to inform Robinson of his right to appeal.

With respect to Robinson's claims that motion-for-new-trial counsel was ineffective for failing to raise trial counsel's ineffectiveness, those claims are procedurally barred. That is

7

because Robinson has simply recast his trial-counsel ineffectiveness claims as motion-for-new-trial counsel ineffectiveness claims. But we have consistently held that a defendant cannot

> resuscitate a specific claim of ineffective assistance of trial counsel that was not raised at the motion for new trial stage by recasting the claim on appeal as one of ineffective assistance of motion-for-new-trial counsel for failing to raise the specific claim of trial counsel's ineffectiveness.

*Elkins v. State*, 306 Ga. 351, 362 (830 SE2d 217) (2019); see also *King v. State*, 304 Ga. 349, 351 (818 SE2d 612) (2018) ("[A] forfeited claim of trial counsel ineffectiveness cannot be resurrected by bootstrapping it to a claim of post-conviction counsel ineffectiveness."). Indeed, "indulging such bootstrapping would eviscerate the fundamental rule that ineffectiveness claims must be raised at the earliest practicable moment and would promote serial appellate proceedings." *Elkins*, 306 Ga. at 362 (punctuation omitted) (quoting *King*, 304 Ga. at 351).

With respect to Robinson's assertion that motion-for-new-trial counsel was ineffective by failing to file a notice of appeal and by failing to inform Robinson of his right to appeal, that claim was

remedied by the grant of an out-of-time appeal. See *Ringold v. State*, 304 Ga. 875, 880 (823 SE2d 342) (2019) ("For a defendant who did not receive his first appeal of right because of his counsel's ineffective assistance, the remedy is an out-of-time appeal.").[4] Accordingly, because Robinson's motion-for-new-trial counsel ineffectiveness claims are procedurally barred or otherwise remedied, his claims of ineffective assistance of motion-for-new-trial counsel also fail.[5]

*Judgment affirmed. All the Justices concur.*

---

[4] Moreover, to the extent that Robinson had any claims of ineffective assistance of motion-for-new-trial counsel that were not "merely . . . camouflaged claim[s] of ineffectiveness by trial counsel," *Elkins*, 306 Ga. at 362, current appellate counsel could have raised them in a new motion for new trial after the granted out-of-time appeal, and would have had to do so to preserve them. See *Ponder v. State*, 260 Ga. 840, 841-842 (400 SE2d 922) (1991) ("[T]he grant of an out-of-time appeal constitutes permission to pursue appropriate post-conviction remedies, including a motion for new trial."); *Maxwell v. State*, 262 Ga. 541, 542-543 (422 SE2d 543) (1992) ("[T]he grant of an out-of-time appeal permits a defendant . . . to start the post-conviction process anew."). See also *Ponder*, 260 Ga. at 841-842 ("[A] claim of ineffective assistance of counsel may not be asserted in an out-of-time appeal unless appellate counsel pursues a motion for new trial" after the "grant of the out-of-time appeal, in which the issue is raised . . . .").

[5] We note that if Robinson "wishes to pursue a claim that his post-conviction counsel was ineffective . . . he must do so through a petition for a writ of habeas corpus." *King*, 304 Ga. at 351.

DECIDED AUGUST 19, 2019.

Murder. Fulton Superior Court. Before Judge Brasher.

*Stephen M. Reba*, for appellant.

*Paul L. Howard, Jr., District Attorney, Lyndsey H. Rudder, Marc A. Mallon, Assistant District Attorneys; Christopher M. Carr, Attorney General, Patricia B. Attaway Burton, Deputy Attorney General, Paula K. Smith, Senior Assistant Attorney General, Meghan H. Hill, Assistant Attorney General*, for appellee.