311 Ga. 827
FINAL COPY

S21A0184.  KELLY v. THE STATE.

LaGrua, Justice.

This appeal presents the question of whether, when a trial court has denied a criminal defendant's motion for new trial and the defendant subsequently seeks and is granted an out-of-time appeal, the defendant is authorized to file a second motion for new trial to raise claims other than those alleging the ineffective assistance of trial counsel that could not have been raised in the initial motion. We conclude that a defendant is not authorized to do so.  For this reason, this appeal is untimely and must be dismissed.

Appellant Paula Vernisa Kelly was convicted of murder and other crimes in 2015.  Through new counsel, Kelly filed a motion for new trial, which was denied in an order entered on September 11, 2018.  On October 15, 2018, Kelly filed a notice of appeal.  Because the notice of appeal was filed more than 30 days after the denial of

1

the motion for new trial, this Court dismissed the appeal as untimely. See *Kelly v. State*, Case No. S19A0639 (Feb. 18, 2019); see also OCGA § 5-6-38 (a) ("A notice of appeal shall be filed within 30 days after entry of the appealable decision or judgment complained of; but when a motion for new trial . . . has been filed, the notice shall be filed within 30 days after the entry of the order granting, overruling, or otherwise finally disposing of the motion. . . ."). In the dismissal order, we advised Kelly of her right to seek an out-of-time appeal and stated that, if an out-of-time appeal were granted, "appellant will have 30 days from the grant within which to file a notice of appeal."

Kelly thereafter sought an out-of-time appeal in the trial court, and the motion was granted on March 22, 2019. The court's order incorrectly stated that "[Kelly's] counsel did not file a timely motion for new trial" and advised Kelly that she could "file a motion for new trial or notice of appeal within 30 days from the date of this Order." Kelly then filed a second motion for new trial on Monday, April 22,

2019.[1]  In this second motion for new trial, in which Kelly was represented by the same counsel as in her initial motion, Kelly asserted substantially similar claims as those previously raised and rejected.  The second motion was denied on September 13, 2019. From that order, Kelly filed the notice of appeal now before us on Monday, October 14, 2019.

"[I]t is the duty of this Court to inquire into its jurisdiction in any case in which there may be a doubt about the existence of such jurisdiction."  *State of Ga. v. Intl. Keystone Knights of the Ku Klux Klan, Inc.*, 299 Ga. 392, 396 (2) (788 SE2d 455) (2016) (citation and punctuation omitted).  "The proper and timely filing of the notice of appeal is an *absolute requirement* to confer jurisdiction upon the appellate court."  *Veasley v. State*, 272 Ga. 837, 838 (537 SE2d 42) (2000) (citation and punctuation omitted; emphasis in original).

There is no question that Kelly's October 14, 2019 notice of appeal was timely filed from the September 13, 2019 order denying

---

[1] Because the 30-day deadline from the March 22 order fell on Sunday, April 21, the filing on Monday, April 22 was timely.  See OCGA § 1-3-1 (d) (3).

3

her second motion for new trial. See OCGA §§ 5-6-38 (a), 1-3-1 (d) (3). There is a question, however, about whether Kelly was authorized to file that second motion for new trial after the grant of her motion for an out-of-time appeal. If the second motion for new trial was not authorized, then the October 14, 2019 notice of appeal, filed well past the 30-day deadline from the March 22, 2019 order granting the motion for out-of-time appeal, would be untimely. See *Debter v. Stephens*, 297 Ga. 652, 652-653 (777 SE2d 244) (2015) (where a motion for new trial is not a proper vehicle of review, it does not toll the time for filing a notice of appeal).

Successive motions for new trial in criminal cases are generally barred under our Code. See OCGA § 5-5-41 (b) ("Whenever a motion for a new trial has been made within the 30 day period in any criminal case and overruled . . . , no motion for a new trial from the same verdict or judgment shall be made or received unless the same is an extraordinary motion or case[.]"). This general rule, however, has given way to a limited degree where an out-of-time appeal is granted, and a defendant is permitted to file a second motion for new

4

trial in order to raise claims of trial counsel ineffectiveness that could not have been raised in the initial motion for new trial. See *Maxwell v. State*, 262 Ga. 541, 542-543 (422 SE2d 543) (1992) (following denial of motion for new trial, grant of out-of-time appeal, and appointment of new appellate counsel, defendant was permitted to raise ineffectiveness claims in a second motion for new trial).[2] See also *Robinson v. State*, 306 Ga. 614, 617 n.4 (832 SE2d 411) (2019) (noting that, following grant of out-of-time appeal, defendant would have had to raise trial counsel ineffectiveness claims in second motion for new trial to preserve them); *Andrews v. State*, 278 Ga. 854, 854 (607 SE2d 543) (2005) (concluding that, following grant of out-of-time appeal, "a second motion for new trial was required" to preserve trial counsel ineffectiveness claims); *Maddox v. State*, 278

---

[2] Indeed, asserting those claims in a motion for new trial is required, if the defendant wishes to preserve them for appellate review. See *Ponder v. State*, 260 Ga. 840, 841-842 (1) (400 SE2d 922) (1991) ("[A] claim of ineffective assistance of counsel may not be asserted in an out-of-time appeal unless appellate counsel pursues a motion for new trial, subsequent to the grant of the out-of-time appeal, in which the issue is raised and resolved by means of an evidentiary hearing."). The rule announced in *Ponder* derives from the principle that trial counsel ineffectiveness claims must be raised at the "earliest practicable moment." Id. at 840 (1) (citing *Smith v. State*, 255 Ga. 654, 656 (3) (341 SE2d 5) (1986)).

Ga. 823, 826 (5) (607 SE2d 587) (2005) ("The fact that the trial court had denied appellant's motion for new trial prior to granting the out-of-time appeal did not preclude appellant from filing a second motion for new trial raising the issue of ineffective assistance of trial counsel.").

Here, the claims Kelly raised in her second motion for new trial were *not* claims of ineffective assistance that she was unable to assert in her initial motion for new trial. In fact, Kelly, who has been represented by the same appellate counsel since her sentencing, asserted trial counsel ineffectiveness claims in her initial motion for new trial. These claims, along with the other claims raised in the initial motion, were heard and rejected. Thus, Kelly's circumstances do not fit within the exception carved out in *Maxwell* and its progeny.

We acknowledge that certain language in our opinion in *Maxwell* could be construed to mean that the grant of an out-of-time appeal gives a defendant carte blanche to "start the post-conviction process anew." 262 Ga. at 542-543 (3). But we do not read our

6

holding in *Maxwell* in such broad terms. Notably, the case we cited in *Maxwell* in support of the notion of "start[ing] . . . anew" was a case involving trial counsel ineffectiveness claims that could have been raised in a second motion for new trial after the grant of an out-of-time appeal. See *Bell v. State*, 259 Ga. 272, 272 (381 SE2d 514) (1989).

In addition, review of our post-*Maxwell* precedent has uncovered no case in which we have relied on *Maxwell* to justify the filing of a second motion for new trial raising claims other than previously unavailable ineffectiveness claims following the grant of an out-of-time appeal. Rather, the Court has cited *Maxwell* almost exclusively in connection with situations, like that in *Maxwell*, involving trial counsel ineffectiveness claims raised in a second motion for new trial by new appellate counsel following the grant of an out-of-time appeal. See *Lynn v. State*, 310 Ga. 608, 608 n.1 (852 SE2d 843) (2020); *Robinson*, 306 Ga. at 617 n.4; *Andrews*, 278 Ga. at 854; *Maddox*, 278 Ga. at 826 (5); *Robinson v. State*, 275 Ga. 143, 144 (4) (561 SE2d 823) (2002), overruled on other grounds by

*Worthen v. State*, 304 Ga. 862, 874 n.8 (823 SE2d 291) (2019); *Chatman v. State*, 265 Ga. 177, 178 (2) (453 SE2d 694) (1995); *Rowland v. State*, 264 Ga. 872, 876 n.8 (452 SE2d 756) (1995). And none of the remaining cases citing *Maxwell* involve successive motions for new trial at all. See *Fairclough v. State*, 276 Ga. 602, 602 (1) (581 SE2d 3) (2003) (citing *Maxwell*'s statement that an out-of-time appeal "start[s] the post-conviction process anew," holding that the grant of an out-of-time appeal revives an initially untimely first motion for new trial); *Glover v. State*, 266 Ga. 183, 184 n.5 (465 SE2d 659) (1996) (citing *Maxwell* for general proposition that trial counsel ineffectiveness claims must be raised at earliest practicable moment). See also *Collier v. State*, 307 Ga. 363, 382 (834 SE2d 769) (2019) (Peterson, J., concurring specially) (citing *Maxwell*'s special concurrence in observing that our post-conviction jurisprudence is "'confusing' and 'incredible'"). And while we indicated in *Maxwell* that trial courts have "discretion to refuse to reopen issues that [they] decided in the first motion for new trial," 262 Ga. at 543, which necessarily implies they also have discretion to *agree* to

8

reopen such issues, there is no indication that we intended to allow such reconsideration of issues in the absence of a previously unavailable trial counsel ineffectiveness claim, which is the sole basis on which the second motion for new trial may properly proceed. To hold otherwise would run contrary to OCGA § 5-5-41 (b).

In addition, though we used similarly broad language in *Ponder*, on which our holding in *Maxwell* heavily relies, that language must be read in the context of *Ponder*'s posture, in which the defendant had not previously filed a motion for new trial. See *Ponder v. State*, 260 Ga. 840, 841 (1) (400 SE2d 922) (1991) (stating that the grant of an out-of-time appeal "should be seen as permission to pursue the post-conviction remedies which would be available at the same time as a direct appeal[ ] . . . including a motion for new trial"). There, it made sense that the grant of the out-of-time appeal would enable the defendant to file, for the first time, a motion for new trial; the out-of-time appeal effectively restored the defendant to the position he occupied at the time his right to appeal was frustrated. See *Rowland*, 264 Ga. at 875-876 (2) (out-of-time appeal

9

exists to remedy an appellate procedural deficiency that has frustrated the right of appeal). But to construe the grant of an out-of-time appeal as a license to reopen an avenue of review that the defendant has already pursued with unconflicted counsel would *reward* defendants who have had to seek an out-of-time appeal, rather than simply *restoring* their position at the time they forfeited the right to appeal.

Accordingly, we now hold expressly that the effect of the grant of an out-of-time appeal is to restore the defendant to the position he occupied at the time he forfeited his right to appeal (or seek other post-conviction relief). To the extent the language of *Maxwell* or *Ponder* suggests otherwise, this language is disapproved.

In light of the above, Kelly's second motion for new trial was improper and did not toll the deadline for filing her notice of appeal. See *Debter*, 297 Ga. at 652-653. Accordingly, the notice of appeal, filed more than six months after issuance of the order granting the out-of-time appeal, was untimely. See OCGA § 5-6-38 (a). Because a timely filed notice of appeal is an absolute prerequisite to this

Court's jurisdiction, see *Veasley*, 272 Ga. at 838, this appeal must be dismissed. We note that this dismissal is without prejudice to Kelly's right to seek a second out-of-time appeal. See *Rowland*, 264 Ga. at 875 (2) ("A criminal defendant who has lost [her] right to appellate review of [her] conviction due to error of counsel is entitled to an out-of-time appeal.").

*Appeal dismissed. All the Justices concur, except Nahmias, P. J., and Warren, J., who concur specially.*


WARREN, Justice, concurring specially.

I agree with the majority that *Maxwell v. State*, 262 Ga. 541 (422 SE2d 543) (1992), should not be extended to permit Kelly to pursue a second motion for new trial and relitigate her claims of ineffective assistance of trial counsel (among other things), and I therefore agree that her appeal must be dismissed. I write, however, to underscore how our decision in *Maxwell* has contributed to what has accurately been described as this Court's "tangled mess of post-conviction jurisprudence." *Collier v. State*, 307 Ga. 363, 379 (834

11

SE2d 769) (2019) (Peterson, J., concurring specially). Because I believe we have not afforded the text of OCGA § 5-5-41 (b) sufficient weight in our precedent, because I have doubts about the correctness of the remedy (a second motion for new trial) that we fashioned in *Maxwell*, and because I believe that the majority validates *Maxwell*'s core holding, I concur specially in the majority opinion.

OCGA § 5-5-41 (b) states:

> Whenever a motion for a new trial has been made within the 30 day period in any criminal case and overruled or when a motion for a new trial has not been made during such period, *no motion for a new trial from the same verdict or judgment shall be made or received unless the same is an extraordinary motion or case*; and only one such extraordinary motion shall be made or allowed.

(Emphasis supplied.) The text of OCGA § 5-5-41 (b) thus bars a second motion for new trial based on the same verdict or judgment, with the singular exception of extraordinary motions. See OCGA § 5-5-40 (a) ("All motions for new trial, except in extraordinary cases, shall be made within 30 days of the entry of the judgment on the verdict or entry of the judgment where the case was tried without a

12

jury."). But neither the majority opinion in this case (which dismisses the appeal from a defendant's second motion for new trial), nor the primary case on which the majority relies, *Maxwell* (which allowed a defendant to file a second motion for new trial), grapples with or explains *why* the factual circumstances presented in *Maxwell* would ever support the filing of a second motion for new trial under OCGA § 5-5-41 (b).

It is true that OCGA § 5-5-41 (b) must yield — and therefore not be enforced — if its application in a specific case would thwart a remedy for the violation of a defendant's constitutional rights. Cf. *Ringold v. State*, 304 Ga. 875, 879 (823 SE2d 342) (2019) (explaining that "Georgia courts may excuse compliance" with the statutory time requirement for filing a notice of appeal "where necessary to avoid or remedy a constitutional violation concerning the appeal, such as when counsel was ineffective in filing the notice of appeal") (citation and punctuation omitted). And the majority opinion today affirms that the purpose of our out-of-time appeal jurisprudence is to "restore the defendant to the position he occupied at the time he

13

forfeited his right to appeal . . . ." Maj. Op. at 831. See also *Rowland v. State*, 264 Ga. 872, 875-876 (452 SE2d 756) (1995) (holding that where ineffective assistance of counsel — i.e., a violation of a defendant's Sixth Amendment right to counsel — has deprived a defendant of a direct appeal, the defendant may file an out-of-time appeal to remedy the loss of his right to appeal); *Hall v. Jackson*, 310 Ga. 714, 724 (854 SE2d 539) (2021) (explaining that "remedies for Sixth Amendment violations must neutralize the taint of (the) constitutional violation, while at the same time not grant a windfall to the defendant or needlessly squander the considerable resources the State properly invested in the criminal prosecution") (citation and punctuation omitted).

It appears, however, that the remedy this Court provided in *Maxwell* was too broad because it exceeded that which was required to remedy the deprivation of Maxwell's appellate rights because of an alleged constitutional violation (i.e., ineffective assistance of counsel). There, Maxwell was convicted of murder, and his counsel filed a motion for new trial. Maxwell did not assert that his counsel

14

provided ineffective assistance of counsel in filing the motion for new trial, and, in the absence of some evidence to the contrary, counsel is presumed to have provided effective assistance during those proceedings. See *Young v. State*, 309 Ga. 529, 539 (847 SE2d 347) (2020) (explaining that there is a strong presumption that counsel's performance was adequate). But then Maxwell's counsel did not file a notice of appeal, which resulted in the denial of Maxwell's statutory right to a direct appeal. See OCGA § 5-6-34 (a). Thus, the only ineffective assistance of counsel in that case that involved Maxwell's post-conviction rights pertained to Maxwell's counsel failing to file a notice of appeal.

But the remedy this Court fashioned did not merely place Maxwell back in the position he was in before his constitutional right to counsel was violated (i.e., when his trial counsel failed to file a direct appeal); a remedy tailored to that constitutional violation would have permitted Maxwell to file, with the effective assistance of counsel, a direct appeal from the denial of his motion for new trial. And indeed, that is exactly what a new attorney did for Maxwell

15

after the trial court granted Maxwell's pro se out-of-time appeal and appointed new counsel for him. Yet this Court provided additional relief by allowing Maxwell to file a second motion for new trial — even though he had already filed a first motion for new trial when represented by counsel, and even though new counsel filed a direct appeal on Maxwell's behalf — thus remedying the deprivation of rights caused by Maxwell's first counsel.[3] Given that the violation of Maxwell's right to counsel did not appear to relate to the filing of a motion for new trial, I can identify no constitutional violation that would have permitted this Court to "excuse compliance" with OCGA

---

[3] Maxwell contended on appeal to this Court that his trial counsel provided constitutionally ineffective assistance at trial. We not only held that Maxwell had the right to file a second motion for new trial; we also held that he was *required* to file one to avoid waiving his claim of ineffective assistance of trial counsel. See *Maxwell*, 262 Ga. at 543. This result, we concluded, was necessary to comply with our previously adopted "policy" that defendants must file their claims of ineffective assistance of counsel at the "earliest practicable moment." *Ponder v. State*, 260 Ga. 840, 840, 841 (400 SE2d 922) (1991). However, because the availability of filing a second motion for new trial was an extension of then-existing law, we remanded Maxwell's case to the trial court to permit Maxwell to file a second motion and raise his claim that trial counsel provided ineffective assistance at trial. See id. Whatever the merits or efficiencies of a policy requiring the filing of ineffective assistance of counsel claims at the "earliest practicable moment," judicially-created decisional law cannot contravene a statute — such as OCGA § 5-5-41 (b) — in the absence of a need to remedy a constitutional violation.

§ 5-5-41 (b) and allow Maxwell to file a second motion for new trial. See *Hall*, 310 Ga. at 720 ("A criminal defendant in Georgia is constitutionally entitled to the effective assistance of counsel during his . . . motion for new trial proceeding."); *Ringold*, 304 Ga. at 879. In short, I do not understand why this Court was authorized to ignore the text of OCGA § 5-5-41 (b) and provide the remedy of a second motion for new trial in *Maxwell*.

I therefore have doubts about the soundness of *Maxwell* and am concerned that the majority in this case validates its holding, even as it dismisses the appeal from Kelly's second motion for new trial. See, e.g., Maj. Op. at 829 (approvingly citing *Maxwell* for the proposition that a defendant should be "permitted to file a second motion for new trial in order to raise claims of trial counsel ineffectiveness that could not have been raised in the initial motion for new trial"); Maj. Op. at 830 (citing with approval cases that have followed *Maxwell*). Even so, the parties in this case have not asked us to evaluate the ongoing validity of *Maxwell*, and it is clear to me that the majority reaches the correct answer under the law, insofar

as *Maxwell* should not be extended to permit Kelly's second motion for new trial here. For the foregoing reasons, I concur specially in the majority opinion.

I am authorized to state that Presiding Justice Nahmias joins in this special concurrence.

Decided June 21, 2021.

Murder. Henry Superior Court. Before Judge McGarity, Senior Judge.

*C. B. King & Associates, Chevene B. King, Jr.*, for appellant.

*Darius T. Pattillo, District Attorney, Sharon L. Hopkins, Assistant District Attorney; Christopher M. Carr, Attorney General, Patricia B. Attaway Burton, Deputy Attorney General, Paula K. Smith, Senior Assistant Attorney General, Elizabeth Rosenwasser, Assistant Attorney General*, for appellee.