# Court of Appeals
# of the State of Georgia

ATLANTA,  June 08, 2023

*The Court of Appeals hereby passes the following order:*

**A23A0753. DARYL BAPTISTE v. THE STATE.**

Daryl Baptiste was indicted in 1994 on multiple charges. On October 24, 1996, the trial court entered an order of nolle prosse in the case, noting that Baptiste had been re-indicted in 1996 for crimes resulting from the same incident giving rise to the 1994 case. He pled guilty to several crimes in the 1996 indictment, and later filed motions to withdraw his guilty plea. Baptiste thereafter filed direct appeals and discretionary appeal applications from orders entered in both cases.[1] In one such appeal, filed in May 2022, Baptiste sought to appeal the October 1996 nolle prosse and other orders. See Case No. A23A0216. In September 2022, this Court dismissed that appeal because, among other reasons, it was untimely. On October 31, 2022, Baptiste filed this appeal, again seeking to appeal the trial court's October1996 nolle prosse order. We lack jurisdiction.

First, a notice of appeal must be filed within 30 days of the entry of the order sought to be appealed. OCGA § 5-6- 38 (a). The proper and timely filing of the notice of appeal is an absolute requirement to confer appellate jurisdiction upon this Court. *Kelly v. State*, 311 Ga. 827, 828 (860 SE2d 740) (2021). Baptiste's notice of appeal

---

[1] See *Baptiste v. State*, 229 Ga. App. 691 (494 SE2d 530) (1997) (affirmed convictions). See also Case Nos. A00A1116 (dismissed Jan. 26, 2000); A05D0214 (denied Mar. 1, 2005); A06A1179 (dismissed Feb.17, 2006); A06D0226 (dismissed Mar. 9, 2006); A06A1443 (dismissed Apr. 7, 2006); A06A2180 (dismissed Jul. 21, 2006); A08D0322 (dismissed Apr. 22, 2008); A09D0067 (denied Oct. 8, 2008); A09A0361 (dismissed Mar. 25, 2009); A11A0568 (dismissed Dec. 2, 2010); A23A0216 (dismissed Sep. 14, 2022).

in this case was filed 26 years after entry of the order he seeks to appeal.

Second, because we dismissed Baptiste's prior appeal seeking review of the same October 1996 order, the doctrine of res judicata bars him from seeking further appellate review of that order. See *Norris v. Norris*, 281 Ga. 566, 567-568 (2) (642 SE2d 34) (2007); see also *Echols v. State*, 243 Ga. App. 775, 776 (534 SE2d 464) (2000).

Accordingly, this appeal is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
  *Clerk's Office, Atlanta,__06/08/2023_____*
    *I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*
    *Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ , *Clerk.*