# Court of Appeals
# of the State of Georgia

ATLANTA,  February 27, 2024

*The Court of Appeals hereby passes the following order:*

## A23A1689.  TAYLOR v. THE STATE.

On May 10, 2023, and with the assistance of counsel, Daijuan Taylor pled guilty to felony obstruction of an officer. The trial court accepted the plea and entered its judgment of conviction the next day. On June 2, 2023, Taylor filed a pro se notice of appeal from this judgment. No withdrawal or substitution of counsel was filed before or after the filing of the notice of appeal.

As the Supreme Court of Georgia has recently held, "a court has the discretion to recognize a timely and otherwise procedurally proper pro se filing made by a defendant who is still formally represented by counsel" when such a filing "would preserve a right of appeal that would otherwise be lost through no fault of the defendant." *Johnson v. State*, 315 Ga. 876, 890 (4) (885 SE2d 725) (2023). But "courts will exercise this discretion only rarely, as when trial counsel has failed to act within the prescribed time period to preserve the defendant's right to appeal and a pro se filing would preserve that right." Id. at 877.

The record contains nothing authorizing either the trial court or this Court to make a discretionary determination that Taylor had been abandoned by counsel such that his pro se notice of appeal could give this Court jurisdiction over his appeal. Given this lack of record evidence and lack of any argument on this issue, we cannot determine whether Taylor's pro se notice of appeal while represented by counsel was made "through no fault of [Taylor]." Id. at 890 (4). Accordingly, the situation here does not constitute the rare circumstance in which a court recognizes a pro se filing

by a represented party.

      "The proper and timely filing of the notice of appeal is an absolute requirement to confer jurisdiction upon the appellate court." *Kelly v. State*, 311 Ga. 827, 828 (860 SE2d 740) (2021). Because Taylor's pro se notice of appeal was not proper, we DISMISS this appeal.



*Court of Appeals of the State of Georgia*
   *Clerk's Office, Atlanta,* __02/27/2024_____

     *I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

     *Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ *, Clerk.*