# Court of Appeals
# of the State of Georgia

ATLANTA,  December 04, 2024

*The Court of Appeals hereby passes the following order:*

**A25A0598. CHRISTOPHER L. AMERSON v. THE STATE.**

In 2002, a jury found Christopher L. Amerson guilty of armed robbery and related offenses. We affirmed his convictions on appeal in an unpublished opinion. See *Amerson v. State*, Case No. A04A1814 (Mar. 10, 2005). Amerson then appealed the trial court's denial of his motion to correct an allegedly void sentence, and we affirmed. See Case No. A06A1803 (Mar. 12, 2007). In July 2023, Amerson filed a motion seeking to terminate his convictions and vacate his sentence. The trial court dismissed that motion on November 9, 2023. In December 2023, Amerson filed a "Motion to Vacate Illegal Sentence and Conviction," which is still pending a ruling. On February 9, 2024, Amerson appealed pro se to the Supreme Court, asserting that the trial court failed to rule on his July and December 2023 filings, and that the court's failure to issue rulings amounts to denials. Finding no basis for exercising its jurisdiction, the Supreme Court transferred the appeal to this Court. See Case No. S24A1361 (Sep. 4, 2024). We lack jurisdiction.

First, pretermitting whether a challenge to Amerson's convictions and/or sentence is barred by res judicata or law of the case, any appeal related to the July 2023 motion is untimely. Under OCGA § 5-6-34 (a) (1), appeals generally may be taken from "[a]ll final judgments, that is to say, where the case is no longer pending in the court below[.]" And under OCGA § 5-6-38 (a), a notice of appeal must be filed within 30 days of the judgment being appealed. As discussed above, the trial court dismissed Amerson's July 2023 motion on November 9, 2023. The proper and timely filing of a notice of appeal is an absolute requirement to confer jurisdiction on this Court. *Kelly*

*v. State*, 311 Ga. 827, 828 (860 SE2d 740) (2021). Because Amerson did not file his notice of appeal until 92 days after the court entered its order, his appeal of that ruling is untimely, and we lack jurisdiction to consider it.

Second, we are unable to take action on Amerson's December 2023 motion. This Court is established for the correction of errors of law made by the trial court and has no original jurisdiction. See *Amica v. State*, 307 Ga. App. 276, 282 (2) (704 SE2d 831) (2010) (holding that in the absence of a ruling by the trial court, we have nothing to review). Given the lack of a ruling, we are unable to assume jurisdiction over this matter.

Third, to the extent that Amerson is attempting to obtain a ruling from the trial court on his December 2023 motion through this Court's original mandamus powers, his failure to comply with OCGA § 9-10-14 precludes relief. Although this Court may, in rare cases, exercise original mandamus powers, in most cases, a litigant must first obtain a ruling from the superior court. See *Graham v. Cavender*, 252 Ga. 123, 124 (311 SE2d 832) (1984) (Except in the rarest of cases, litigants seeking to invoke this Court's original jurisdiction must first petition the superior court for such relief.). Further, mandamus will issue "when there is no other adequate legal remedy." *Brock v. Hardman*, 303 Ga. 729, 730 (1) (814 SE2d 736) (2018). Since Amerson has not sought mandamus relief below, this is not a case in which the exercise of original mandamus powers is warranted, and there is no basis for this Court to exercise jurisdiction.

For these reasons, this appeal is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,___12/04/2024_____*

*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

*Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ *, Clerk.*