# Court of Appeals
# of the State of Georgia

ATLANTA,  April 21, 2025

*The Court of Appeals hereby passes the following order:*

## A25A1506. ALLEN JOSHUA BROWN v. THE STATE.

Allen Brown pled guilty to two counts of felony fleeing or attempting to elude a police officer and other misdemeanor offenses. In 2021, the trial court sentenced Brown to a total of 14 years, with the first 10 years to be served in confinement and the remainder on probation. On February 20, 2025, Brown filed a motion to vacate void sentence, contending that he should not have been sentenced consecutively to the maximum sentence on the fleeing offenses. The trial court denied the motion on the day it was filed, and Brown filed a notice of appeal on April 1, 2025. We lack jurisdiction for at least two reasons.

First, a notice of appeal must be filed within 30 days of entry of the judgment or trial court order sought to be appealed. OCGA § 5-6-38 (a). The proper and timely filing of a notice of appeal is an absolute requirement to confer appellate jurisdiction on this Court. See *Kelly v. State*, 311 Ga. 827, 828 (860 SE2d 740) (2021). Because Brown's notice of appeal was filed 40 days after entry of the trial court's order, we lack jurisdiction over this appeal. See id.

Second, under OCGA § 17-10-1 (f), a court may modify a sentence during the year after its imposition or within 120 days after remittitur following a direct appeal, whichever is later. *Frazier v. State*, 302 Ga. App. 346, 348 (691 SE2d 247) (2010). Once, as here, this statutory period expires, a trial court may modify only a void sentence. Id. "A sentence is void if the court imposes punishment that the law does not allow." *Jones v. State*, 278 Ga. 669, 670 (604 SE2d 483) (2004) (citation and punctuation omitted). When a sentence falls within the statutory range of punishment,

it is neither void nor subject to modification beyond the time provided in OCGA § 17-10-1 (f). See id. A direct appeal does not lie from the denial of a motion to modify a sentence filed outside the statutory time period unless the motion raises a colorable claim that the sentence is, in fact, void. *Frazier*, 302 Ga. App. at 348. Here, Brown has not raised a colorable void sentence claim because his sentences for fleeing fall within the statutory range of punishment. See OCGA § 40-6-395 (b) (5) (A) (2021).

For these reasons, this appeal is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,__04/21/2025_____*

*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

*Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ *, Clerk.*