# Court of Appeals
# of the State of Georgia

ATLANTA,  May 13, 2025

*The Court of Appeals hereby passes the following order:*

**A25A1716. GREGORY L. WARE v. THE STATE.**

In 2004, Gregory Ware pled guilty to kidnapping, aggravated assault, and terroristic threats. He thereafter filed both (a) a motion for an out-of-time appeal and to withdraw his guilty plea, which the trial court denied, and (b) a direct appeal. We affirmed his convictions on direct appeal, *Ware v. State*, Case No. A15A1213 (Sept. 2, 2015), and we also affirmed the denial of his motion for an out-of-time appeal and to withdraw his guilty plea, *Ware v. State*, Case No. A08A0299 (Apr. 30, 2008).[1]

In February 2024, Ware filed a motion to set aside a void judgment, challenging the validity of his indictment and arguing that his plea counsel rendered ineffective assistance by failing to challenge the indictment. The trial court denied the motion in an order entered on August 5, 2024, and Ware filed this direct appeal on September 24, 2024. We lack jurisdiction for two reasons.

First, a notice of appeal must be filed within 30 days of entry of the judgment or trial court order sought to be appealed. OCGA § 5-6-38 (a). The proper and timely

---

[1] In addition, in 2016, Ware filed a motion to modify or reduce his sentence, arguing that his plea counsel rendered ineffective assistance and that his aggravated assault and kidnapping convictions arose from the same conduct and therefore merged. The trial court denied the motion, and we again affirmed on direct appeal. *Ware v. State*, Case No. A17A1981 (Aug. 15, 2017). In 2017, Ware filed a motion in arrest of judgment, again claiming that his aggravated assault and kidnapping convictions arose from the same conduct and therefore merged. The trial court denied the motion, and we dismissed Ware's ensuing appeal as barred by res judicata. *Ware v. State*, Case No. A18A1916 (July 18, 2018).

filing of a notice of appeal is an absolute requirement to confer appellate jurisdiction on this Court. See *Kelly v. State*, 311 Ga. 827, 828 (860 SE2d 740) (2021). Ware's notice of appeal was untimely filed 50 days after entry of the order he seeks to appeal, thereby depriving us of jurisdiction over this appeal. See id.

Second, "a petition to vacate or modify a judgment of conviction is not an appropriate remedy in a criminal case." *Harper v. State*, 286 Ga. 216, 218 (1) (686 SE2d 786) (2009). Any appeal from an order denying or dismissing such a petition or motion must be dismissed. See *Roberts v. State*, 286 Ga. 532, 532 (690 SE2d 150) (2010); *Harper*, 286 Ga. at 218 (2).

For the above reasons, this appeal is hereby DISMISSED for lack of jurisdiction.



Court of Appeals of the State of Georgia
  Clerk's Office, Atlanta,___05/13/2025_____

       I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.

       Witness my signature and the seal of said court hereto affixed the day and year last above written.

_____ , Clerk.