# Court of Appeals
# of the State of Georgia

ATLANTA, May 08, 2026

*The Court of Appeals hereby passes the following order:*

## A26A1719. LANCE LYNDELL WILLIAMS v. THE STATE.

After terminating the services of his attorney, Lance Lyndell Williams proceeded to trial pro se, and a jury found him guilty of three counts of armed robbery, six counts of aggravated assault, and three counts of possession of a firearm during the commission of a felony. Following imposition of the sentence in May 2019, Williams filed a timely notice of appeal, and his appeal was docketed in this Court. Despite being granted multiple extensions of time in which to file a brief, Williams failed to file a brief in this Court, and his appeal was dismissed. See Case No. A20A1943 (Dec. 7, 2020).

In February 2021, Williams petitioned for leave to file an out-of-time appeal, which the trial court granted on May 28, 2021. Williams filed a notice of appeal on July 1, 2021, and his appeal was docketed in this Court. Williams filed multiple requests for extensions of time in which to file a brief. Ultimately, we remanded the case to the trial court until Williams obtained the record and transcript, directing Williams to file a new notice of appeal once the record was obtained. See Case No. A22A0333 (Jan. 12, 2022).

On March 17, 2026, Williams filed a new notice of appeal, asserting that he received the record and transcripts on March 2, 2026. This is the appeal before us. We, however, lack jurisdiction.

To the extent that Williams had a right to an out-of-time appeal in 2021,[1] he was required to file a notice of appeal within 30 days of the trial court's order granting him leave to appeal. See OCGA § 5-6-38(a); *Kelly v. State*, 311 Ga. 827, 831 (860 SE2d 740) (2021). Because Williams filed his notice of appeal 34 days after the trial court's order, we lacked jurisdiction to consider that appeal. See *Veasley v. State*, 272 Ga. 837, 838 (537 SE2d 42) (2000) (the proper and timely filing of a notice of appeal is an absolute requirement to confer jurisdiction upon this Court).

Because Williams previously attempted to appeal his conviction — and because he procedurally defaulted in perfecting that appeal — he is not entitled to another appeal. See *Echols v. State*, 243 Ga. App. 775, 776 (534 SE2d 464) (2000) ("It is axiomatic that the same issue cannot be relitigated ad infinitum."); *Ross v. State*, 310 Ga. App. 326, 328 (713 SE2d 438) (2011) (defendant who failed to timely appeal a decision was not entitled to a second bite at the apple). For these reasons, we lack jurisdiction over this appeal, which is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,* 05/08/2026

*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

*Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ *, Clerk.*

---

[1] In 2022, the Georgia Supreme Court determined that a trial court lacked authority to grant an out-of-time appeal. *Cook v. State*, 313 Ga. 471, 506(5) (870 SE2d 758) (2022). In response, the legislature enacted OCGA § 5-6-39.1 to provide limited instances in which a defendant may seek out-of-time relief. This Code section has no application here.